In the Matter of Ernest Chandler et al., Respondents, against Joseph S. Corbett et al., Constituting the Zoning Board of Appeals of the Town of Brookhaven, Appellants. (Proceeding No. 1.) In the Matter of Ernest Chandler et al., Respondents, against Joseph S. Corbett et al., Constituting the Zoning Board of Appeals of the Town of Brookhaven, Appellants. (Proceeding No. 2.) — Appeal from order, dated June 5, 1948, consolidating two proceedings to review appellants' determinations denying a building permit to respondents, annulling said determinations and directing the issuance of a permit. Appellants also appeal from intermediate orders in each proceeding, dated March 8, 1948, denying their motions to dismiss the proceedings and amending the respective orders to show cause issued in each proceeding. The property involved herein is operated as a children's camp, and allegedly was so used prior to and at the time the Building Zone Ordinance took effect. Under the provisions of the ordinance, the premises were placed in a residence "A" district, where such use is not permitted. Existing nonconforming uses, however, are allowed. Respondents seek a building permit to enlarge a building

on their property in order to increase their facilities and accommodate a greater number of guests. The original application was denied by the building inspector, and the first proceeding was instituted to review appellants' determination sustaining that action. Prior to the commencement of that proceeding the respondents had requested a rehearing. Such rehearing was granted by appellants; the permit was again denied; and the second proceeding was thereafter begun to review that determination. Order of June 5, 1948, reversed on the law and the facts, without costs, and the proceedings dismissed, without costs; without prejudice to a further application by respondents for a variance if they shall be so advised. There is no proof in the record that the premises were devoted to a nonconforming use on the effective date of the zoning ordinance. Moreover, assuming that such a use is shown, respondents may not enlarge that use as a matter of right. The board of appeals, however, has the power in its discretion, to vary or modify the application of any of the provisions of the zoning ordinance where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions thereof. (Building Zone Ordinance of the Town of Brookhaven, § 1501; Town Law, § 267.) Respondents, however, failed to show practical difficulties or unnecessary hardships (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71; *Matter of Hickox* v. *Griffin,* 298 N. Y. 365; and the board's determinations may not be set aside as arbitrary or contrary to law. (*People ex rel. Hudson-Harlem Valley Tit. & Mtge. Co.* v. *Walker,* 282 N. Y. 400; *Matter of Ernst* v. *Board of Appeals on Zoning, City of New Rochelle,* 274 App. Div. 809, affd. 298 N. Y. 831.) Appeal from orders of March 8, 1948, dismissed, without costs. Nolan, P. J., Johnston, Adel, Sneed and MacCrate, JJ., concur.