■ INCORPORATED VILLAGE OF GREAT NECK, Respondent, v. CY GREEN et al., Appellants.— In an action to enjoin the use of a parcel of real property for storage of motor vehicles, the appeal is from a judgment (described as an order in the notice of appeal) entered after trial granting the relief prayer for in the complaint. Judgment unanimously affirmed, with costs. The pertinent zoning ordinance and the ordinance enacted in 1936 expressly prohibit the use complained of. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [8 Misc 2d 356.]

■ In the Matter of FAIRCHESTER REALTY CORPORATION et al., Appellants, against ALLISON CHOATE et al., Constituting the ZONING BOARD OF APPEALS OF THE CITY OF RYE, WESTCHESTER COUNTY, Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of respondents, insofar as it denied a request for permission to erect and install lighting facilities on certain premises owned by appellant Fairchester Realty Corporation and leased to appellant Fairchester Motors, Inc., the appeal is from an order dismissing the application and confirming the determination. The subject premises front on the Boston Post Road, and concededly have been used for the parking of new and traded-in automobiles in connection with appellants' showroom and salesroom which abut the premises on Third Street. Concededly, also, such use is a valid nonconforming use under the building zone ordinance. Permission to install lighting facilities was denied by respondents on the ground that the illumination was desired to facilitate the use of the area for the outdoor sale of automobiles, which was not a permitted use under the ordinance, and that appellants had not established a right to such use. Order unanimously affirmed, with $10 costs and disbursements. We find no provision in the ordinance which requires an application to the Zoning Board of Appeals for permission to install lights in a parking lot, or which authorizes the board to grant such a request. Under these circumstances, the denial of the request by respondents should not be disturbed. We express no opinion as to whether the premises may be used for the outdoor sale of automobiles as a nonconforming use under the ordinance, or if not, whether a variance for such use should be granted on a proper application therefor. (Cf. *Matter of Chandler* v. *Corbett,* 274 App. Div. 1073.) Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.

■ LOUIS G. KOVACS, Respondent, v. ALICIA PATTERSON et al., Appellants. — In an action to recover damages for an alleged libel, the appeal is from an order denying appellants' motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 4). Order affirmed, with $10 costs and disbursements. In view of the allegation that the publication in question referred to respondent as having been a friend of a named person at about the time that said person committed a bank robbery, and as a friend of such intimacy that they arranged to live in the same building, with respondent aiding in bringing about that arrangement, a sufficient cause of action was pleaded. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.