■ MEYER TURETSKY, Respondent, v. CITY OF LONG BEACH et al., Appellants.— In an action for a declaratory judgment as to the proper use of plaintiff's premises in the City of Long Beach under the city's zoning ordinance, the defendant city and its officials appeal from a judgment (incorrectly designated as a "final order") of the Supreme Court, Nassau County, entered December 3, 1962 upon the court's opinion and decision after a nonjury trial, declaring, *inter alia,* that the use of such premises " as an apartment house for occupancy by more than two families but not more than five families is a legal and lawful nonconforming use under the existing zoning law of the City of Long Beach * * * so long as such use is continuous and uninterrupted". Judgment modified on the law and the facts by amending its first and second decretal paragraphs so as to limit the occupancy referred to therein to not more than four (instead of five) families. As so modified, judgment affirmed, without costs. Findings of fact implicit in the decision and opinion below which may be inconsistent herewith are reversed, and new findings are made as indicated herein. Upon the trial plaintiff proved that at the time of the enactment of the defendant city's first zoning ordinance plaintiff's premises were used as a four-family house and that such use continued until 1926 when a fifth apartment was added. Plaintiff thus established his right to maintain as a nonconforming use the four apartments in existence at the time of the enactment of the zoning ordinance. However, plaintiff failed to prove any consent by the municipality to subsequent enlargement of this nonconforming use. Plaintiff's application for a building permit and the subsequent certificate of occupancy issued upon the completion of the enlargement, both indicate that the building as altered was to be a two-family dwelling. We agree with the court below that, under the circumstances here, such misstatement of the facts, which was evidently made by the builder, cannot be attributed to the owner and that it is not sufficient to constitute an abandonment of the then nonconforming use. We cannot, however, construe the issuance of a certificate of occupancy based on such a misstatement as a consent by the municipality to an enlargement of such nonconforming use. A nonconforming use cannot be enlarged as a matter of right (*Matter of Chandler* v. *Corbett,* 274 App. Div. 1073; *Matter of French* v. *Incorporated Vil. of North Haven,* 1 A D 2d 788). Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

■ ANNE E. ROGERS et al., Appellants, v. NORTH AMERICAN PHILIPS COMPANY, INC., et al., Respondents, et al., Defendant.— Motion by respondents to amend the decision and order of this court on the appeal, both dated October 21, 1963 (*ante,* p. 838), so as to state that the decision is rendered and the order entered *nunc pro tunc* as of September 13, 1963. The appeal was argued on September 13, 1963. One of the appellants, Anne E. Rogers, died 10 days later, on September 23, 1963. On October 21, 1963, when the appeal was decided, neither the court nor any of the other parties had knowledge of her death. The motion is granted; the decision and order are amended so as to declare respectively that they are rendered and entered *nunc pro tunc* as of September 13, 1963. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.