## (December 14, 1967)

In the Matter of CHATSWORTH 72ND ST. CORP., Respondent, v. MAX FOLEY et al., Constituting the Board of Standards and Appeals of the City of New York, Appellants.— Judgment unanimously reversed, on the law, with $50 costs and disbursements to respondents-appellants, and petition dismissed, with taxable costs. The petitioner did not acquire a vested right to proceed with the alterations in the basement of its apartment building in accordance with the amended plans approved by the Department of Buildings on June 24, 1965. The petition alleges, "That by June 25, 1965, all of the alteration work in said premises was completed in conformity with the approved amended plans with the exception of the alteration work in the basement area". The approval on June 24, 1965, by the Department of Buildings of the further amendment to the plans to cover the newly proposed basement alterations would not operate to validly confer upon the petitioner rights which were inconsistent with the provisions of the amendment to the zoning regulations effective on June 11, 1964. Furthermore, the existence of Fire Department violations and the need for a sprinkler system in the basement to remove such violations do not create the basis for any right, vested or otherwise, to effect building alterations which are not authorized by the amended zoning regulations. The petitioner does not contend that it proceeded with the basement work during a period within which the work could be authorized by the respondent board under the amended zoning regulations. The validity of a property owner's claim to vested rights depends upon performance of substantial work or the incurring of substantial expenditures in reliance upon the terms of existing zoning regulations or of a valid outstanding building permit; thereafter the regulation may not be changed or the permit revoked to the prejudice of the property owner. (See *People* v. *Miller,* 304 N. Y. 105, 109; 101 C. J. S., Zoning, §§ 90, 243.) The petitioner "had a vested right to continue the use as it existed at the time of the enactment of the ordinance but had no right to any added construction for such purpose. (*Matter of Chandler* v. *Corbett,* 274 App. Div. 1073; *Green* v. *Board of Comrs. of Newark,* 131 N. J. L. 336.) " (*Matter of French* v. *Incorporated Vil. of North Haven,* 1 A D 2d 788.) Finally, there is no merit to the petitioner's argument that it may be deprived of valuable property rights because of an improper or unreasonable denial of a certificate of occupancy. The proceeding was not brought to challenge any such denial or against proper parties to require the issuance of such a certificate. In any event, on the basis of the present record, it would appear that the petitioner may obtain a certificate of occupancy by the installation of the required sprinkler system or by proceeding with reasonable alterations consistent with present zoning regulations. Concur — Botein, P. J., Eager, Capozzoli, Tilzer and McGivern, JJ.