VILLAGE OF WATERFORD, Respondent, v. THOMAS O'BRIEN, Appellant.

Third Department, November 1, 1972.

*Wertime & Robinson* (*Roger M. Fritts* of counsel), for appellant.

*John A. Murray* for respondent.

SIMONS, J. This is an appeal from a judgment of the Supreme Court, entered in Saratoga County, which permanently enjoined defendant from conducting a U-Haul rental operation at an Atlantic Richfield service station located in the Village of Waterford.

The service station is located in an area zoned residential and continues as a nonconforming use. At the time the ordinance became effective in 1965, an old residence had been demolished and excavation and foundation work on a service station had been started but not completed.

Appellant claims that his rights as a nonconforming user are those of a public garage as defined by the zoning ordinance, which includes the operation of a vehicle rental agency. In the alternative, if the nonconforming use is to be limited to a filling station as defined in the ordinance, he claims the U-Haul truck and trailer rental is a permitted accessory use.

The right to a nonconforming use is established at the effective date of the ordinance. Because the building was under construction at that time, appellant's right to a nonconforming use vested. (Zoning Ordinance, § 7.4; *People ex rel. Ortenberg* v. *Bales,* 224 App. Div. 87, affd. 250 N. Y. 598.) Because the construction had not been completed then, or the use commenced, the extent of appellant's rights has been uncertain. This presented a factual question and the trial court decided on sufficient evidence that the property was " used " as a filling station. The objective evidence of contemplated use was (1) the application and construction by a retail gasoline and oil company, (2) the use of the property as a filling station for three years after its completion, (3) the fact that Atlantic Richfield leased the property on a gallonage basis and not on a gross receipts rental and (4) that Atlantic Richfield, the owner of the property, has not joined with the lessee in asking for a zoning variance. Prior litigation questioning the right to complete construction of the building resulted in a determination that the property was a nonconforming use and characterized the use as that of a filling station.

The proposed use of the property to rent trucks and trailers was properly denied. The zoning ordinance does not permit vehicle rental by filling stations (see Zoning Ordinance, Definitions) or the enlargement or extension of a nonconforming use for such purposes. (Zoning Ordinance, §§ 7.3, 7.4 [c].) It may be the appellant or his predecessors performed activities beyond the scope of the acquired rights in the past without sanction, but that does not operate to expand appellant's rights to change the nonconforming use from a filling station to a public garage. (*Matter of Besthoff* v. *Zoning Bd. of Appeals of Town of Clarkstown,* 34 A D 2d 782; *Incorporated Vil. of Great Neck* v. *Green,* 8 Misc 2d 356, affd. 5 A D 2d 779; Anderson, Zoning Law and Practice in New York State, § 6.08.) Nonconforming uses, while

constitutionally necessary, do violence to the over-all purpose and plan of zoning regulations. To allow extension of appellant's nonconforming use by enlargement because the building was not fully constructed and the use was not fixed at the effective date of the ordinance would give him an open-ended nonconforming use which could be expanded without warrant simply by actual performance of a prohibited use.

Finally, the rental of trucks and trailers is not an accessory use to filling stations. The ordinance in appendix B, paragraph 2, defines an accessory use as one " customarily incidental and subordinate to the principal use or building and located on the same lot with such principal use or building ". It may be that vehicles are frequently rented in conjunction with retail gasoline stations and that the appellant's rental business is less in volume than his filling station operation. Nevertheless, the business of truck and trailer rental is not customarily incidental to a retail filling station and the widespread existence of the two together does not justify the expansion of a nonconforming use which did not exist on the effective date of the ordinance on the basis that it is accessory to the filling station.

The judgment should be affirmed, without costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.