(September 18, 1973)

■    In the Matter of JOHN R. WHITE, Respondent, v. TOWN OF POUND RIDGE ZONING BOARD OF APPEALS, Appellant.— On the court's own motion, its decision rendered September 10, 1973 is recalled and vacated and the following decision is substituted therefor: Motion by respondent for reargument of appeal from a judgment of the Supreme Court, Westchester County, dated September 20, 1972.  Motion denied.  On the court's own motion, its decision and order, both dated June 4, 1973 [42 A D 2d 570], are recalled and vacated and the following decision is substituted for that of June 4, 1973: In a proceeding pursuant to article 78 of the CPLR to review appellant's determination denying petitioner a building permit for a single-family house or a variance, the appeal is from a judgment of the Supreme Court, Westchester County, dated September 20, 1972, which annulled the determination and directed that a building permit issue.  Judgment reversed, on the law, without costs, and proceeding remanded to Special Term for a full hearing and a new determination on the issues of (1) whether the "Lane" is an existing town highway by reason of continued use, pursuant to section 280-a of the Town Law, and (2) if it is not such a town highway, whether petitioner is entitled to a variance.  Petitioner is the owner of a 2.115 acre parcel of vacant land in the Town of Pound Ridge.  The parcel is situated in a heavily wooded area approximately 500 feet from the nearest paved road, Pound Ridge-Bedford Road.  It has frontage of about 100 feet on a dirt road designated as the "Lane" over which it has an easement.  This "Lane" goes directly to Pound Ridge-Bedford Road.  The Building Inspector of the town denied petitioner's request for a building permit on the ground that the property does not have access to, or frontage on, a town-approved road, as required by section 280-a of the Town Law.  On appeal to appellant, the latter upheld the inspector's determination.  Appellant found that petitioner was not entitled to a permit as a matter of right because the town had an official map and the "Lane" did not appear on the map.  Appellant also found, alternatively, that petitioner was not entitled to a variance. In our opinion, Special Term was correct in holding that the town was without an " official map " by reason of the failure of the Town Clerk to file a certificate of its establishment with the County Clerk of Westchester County as required by section 270 of the Town Law.  This defect was jurisdictional (cf. *Di Biasi v. City of New York*, 19 A D 2d 323, affd. 14 N Y 2d 711).  Special Term further held that petitioner was entitled to a permit, as a matter of right, pursuant to section 280-a of the Town Law, on the ground that the "Lane" is an existing town highway by reason of continued use.  However, inasmuch as appellant never reached this question, relying solely upon the purported official map, and Special Term had before it only affidavits which are relatively sketchy as to the " Lane's " use and physical characteristics, we believe that a full hearing should have been had and now remand the proceeding for such purpose. In addition, the same problem of sketchy proof, some of it introduced for the first time at Special Term and some of it apparently based upon undisclosed personal knowledge of the appellant board's members, obtains as to the variance issue.  Therefore, a full hearing should also be had on this question in the event Special Term determines that petitioner is not entitled to a permit as a matter of right.  Hopkins, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.