JOSEPH GILMORE, as Building and Zoning Administrator of the Town of Guilderland, Appellant, *v.* RALPH BEYER, Respondent.

Third Department, December 12, 1974.

*Frank J. Williams, Jr.,* for appellant.

*Tate & Tate* (*Rex S. Ruthman* of counsel), for respondent.

KANE, J. This action was instituted by plaintiff to enjoin the use of defendant's premises for the conduct of a commercial trucking business in violation of zoning restrictions and regulations. In August, 1953 defendant purchased four acres of land in the Town of Guilderland, New York, for use as a terminus for milk trucks. A suitable building was erected for office and repair facilities, while the rolling stock of approximately eight or nine vehicles was stored outside the building. As of January 1, 1954, the Town of Guilderland zoning ordinance, duly adopted December 17, 1953, classified defendant's premises and the land surrounding it residential. It is undisputed upon this appeal that defendant has a prior nonconforming use. At the trial of this action, almost 20 years to the day after adoption of the zoning ordinance, defendant testified that he operated 70 to 80 pieces of equipment at four terminals throughout the State with the Guilderland location serving as home base for up to 20 milk tankers and 20 tank haulers in 1971, with that number decreasing to 10 or 15 by the date of trial, together with two pickups, four or five vans, flat and low bed trailers. There was other testimony indicating the development of a general trucking business at this location which included the presence of gravel trucks, scrapers, bulldozers, sanitation trucks and related equipment. There has been no increase in the area of the premises originally acquired by defendant, nor any enlargement of the original building.

The applicable zoning statute provides: " Extension — A nonconforming use shall not be extended, except that extension of a use to any portion of a building arranged or designed for such

a non-conforming use at the time of the enactment of this statute, shall not be deemed the extension of a non-conforming use." (Zoning Law, Town of Guilderland, § VII F.)

The sole issue to be determined upon this appeal is whether there has been an improper extension of a nonconforming use.

An increase in the volume of use, without a significant change in the kind of use, is not considered a proscribed extension of a nonconforming use (67 N. Y. Jur., Zoning and Planning Laws, § 101; 2 Rathkopf, Law of Zoning and Planning, pp. 60–61, 60–62). However, an increase in volume or intensity when coupled with a variation or alteration in the specific type of use will generally result in an illegal extension which is particularly true in this case in view of the unequivocal provisions of the ordinance stating "A non-conforming use shall not be extended" (Zoning Law, Town of Guilderland, *supra*; *Matter of Harbison* v. *City of Buffalo*, 4 N Y 2d 553). Here, we have proof of not only a substantial increase in the volume of use, but a clear indication of the expansion of such use from a milk hauling concern to a general trucking business. Such a qualitative change in operation is impermissible and may be enjoined.

The judgment should be reversed, on the law and the facts, without costs, and judgment directed to be entered in favor of plaintiff enjoining defendant from using his premises for any purpose other than as a truck terminus for milk hauling, and further enjoining defendant from storing commercial vehicles or industrial equipment used for any purpose other than that used in the milk hauling business.

HERLIHY, P. J., SWEENEY, MAIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, without costs, and judgment directed to be entered in favor of plaintiff enjoining defendant from using his premises for any purpose other than as a truck terminus for milk hauling, and further enjoining defendant from storing commercial vehicles or industrial equipment used for any purpose other than that used in the milk hauling business.