■ In the Matter of MARINER'S REALTY CORPORATION, Appellant, v VINCENT A. WICK et al., Constituting the Board of Zoning Appeals of the Incorporated Village of Northport, et al., Respondents.—In a proceeding pursuant to CPLR article 78 inter alia to review a determination of the respondent Board of Zoning Appeals of the Incorporated Village of Northport, filed on August 19, 1974, which, after a hearing, denied petitioner's application for permission to continue the use of a portion of certain premises as a gift shop or boutique, petitioner appeals from a judgment of the Supreme Court, Suffolk County, dated April 11, 1975, which denied the application and dismissed the petition. Judgment affirmed, with costs. For a number of years petitioner has operated a restaurant, bar and hotel known as Karl's Mariner's Inn in a C residence zone of the Village of Northport as a prior nonconforming use. In 1972 petitioner obtained a building permit for the construction of a new main entrance to the building, which alteration materially enlarged the size of the lobby. When the work was completed, petitioner installed a gift counter on the east wall of the lobby. The counter consisted of two glass-topped counters, with shelving behind. The items offered for sale included ceramics, candles, jewelry, nautical artifacts and other gift items made by local artisans, as well as oil paintings which are displayed throughout the lobby and dining areas. In April, 1974 petitioner was informed that, while the physical alterations were perfectly legal, the installation of the gift counter was not. It thereupon applied unsuccessfully to the board of zoning appeals for leave to continue its gift operation. Petitioner traces its right to maintain the gift counter to two sources: (1) subdivision 2 of section 91-38B of the Zoning Ordinance of the Village of Northport, and (2) the status of the counter as an "accessory use", customarily incidental and subordinate to its principal use of the premises as a restaurant, bar and hotel. The cited ordinance provides, in pertinent part, that a legal nonconforming use may be extended or changed only upon proof: (1) that the proposed extension or change does not adversely alter the character of the neighborhood or prejudice adjoining property values; (2) that it does not jeopardize the public health, safety and welfare; and (3) that "the limitation of the use of premises or buildings to the existing extent of nonconformity imposes an unnecessary hardship and practical difficulties prevail in operating the premises or buildings in the presently existing and non-conforming manner." On the record before it, Special Term properly determined that petitioner had failed to sustain its burden of proving "practical difficulties" and "unnecessary hardship", as the transcript is devoid of any evidence indicating that petitioner will be unable to earn a reasonable return on its property if denied permission to operate the gift shop (cf. Matter of Forrest v Evershed, 7 NY2d 256; Matter of Crossroads Recreation v Broz, 4 NY2d 39; Matter of Otto v Steinhilber, 282 NY 71). Moreover, it cannot be said that the testimony of a single witness to the effect that three or four other restaurants in the Nassau-Suffolk area have similar facilities on their premises was sufficient to establish that the

maintenance of a gift shop was a "customary incident" of petitioner's business, and hence constituted a permissible accessory use to its prior nonconforming use of the premises (see *Village of Waterford v O'Brien,* 39 AD2d 490; *Gauthier v Village of Larchmont,* 30 AD2d 303; *Incorporated Vil. of Great Neck v Green,* 8 Misc 2d 356, affd 5 AD2d 779; see, also, 2 Rathkopf, Law of Zoning and Planning [3d ed], pp 58-21 to 58-22). Petitioner's remaining contentions have been considered and have been found to be lacking in merit. Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.