■ In the Matter of JAMES H. MALOY, INC., Respondent, v TOWN BOARD OF THE TOWN OF GUILDERLAND et al., Appellants. — Reargument of a decision of this court, dated June 25, 1981, which (1) reversed a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered October 27, 1980 in Albany County, and (2) dismissed as academic an appeal from an order of said court, entered January 29, 1981 in Albany County. When this case was originally before this court, we reversed the judgment of Special Term which granted a declaratory judgment in favor of petitioner and dismissed the petition on the ground that petitioner had failed to exhaust its administrative remedies (82 AD2d 1003). Reargument was granted upon petitioner's subsequent showing that it did in fact exhaust its administrative remedies prior to commencing the present proceeding. The two appeals before us are interrelated. In the first appeal, respondents contend that triable issues of fact existed concerning whether petitioner's use of a rock crusher constituted a prior nonconforming use, and that it was thus error for Special Term to grant petitioner's application for declaratory relief. According to respondents, the petition was vague and ambiguous on the question of whether petitioner used a rock crusher in its operations prior to the adoption of the town's zoning ordinance in 1971, and that, in any event, the matter was put in issue by the denials contained in respondents' answer. Following the preparation by respondents of the record in

that first appeal, petitioner moved to resettle the record to include two affidavits which more clearly amplified the allegation of a prior nonconforming use and which were, in fact, considered by Special Term in deciding the application for declaratory relief. Respondents opposed the motion to resettle on the ground that the two affidavits were not served on counsel until the date the application was argued and that, therefore, they had no opportunity to respond to the affidavits. Special Term granted the motion to resettle and allowed the two affidavits to be included in the record. Respondents' ensuing appeal from that order constitutes the second appeal before this court. Dealing with the second appeal first, we see no reason to upset the exercise of discretion by Special Term in receiving the affidavits in support of petitioner's application on the date of argument. Any prejudice which this may have created could easily have been cured by respondents' objection and a request that they be allowed to submit further papers. Although the record does not disclose whether any such objection was made, it is significant to note that Special Term's decision on petitioner's application for declaratory relief was not rendered until over two and one-half months after the matter was argued. This was more than enough time for respondents to respond to any new material which may have appeared in petitioner's affidavits. Turning now to the first appeal, Special Term incorrectly granted a declaratory judgment in petitioner's favor. Petitioner's own affidavits submitted in support of its request for declaratory relief are equivocal on the issue of whether any prior nonconforming use of the rock crusher continued without abandonment after the adoption of the zoning ordinance. Thus, since the record was insufficient to support petitioner's request for declaratory relief, it was prematurely granted by Special Term and its ultimate resolution must await a trial on the question of whether there was a continuous use of the rock crusher by petitioner without abandonment. Judgment entered October 27, 1980 reversed, on the law, and matter remitted for trial, with costs to abide the event. Order entered January 29, 1981 affirmed, with costs. Mahoney, P.J., Kane, Casey, Weiss and Herlihy, JJ., concur.