■ JAMES H. MALOY, INC., Respondent, v TOWN BOARD OF THE TOWN OF GUILDERLAND et al., Appellants. — Appeal from an order and judgment of the Supreme Court in favor of plaintiff, entered March 23, 1982 in Albany County, upon a decision of the court at Trial Term (Prior, Jr., J.), without a jury. Plaintiff has been excavating and hauling gravel from the Oliver Pit, a quarry in the Town of Guilderland, since 1952. The town enacted a zoning ordinance, effective January 5, 1954, which stated, *inter alia,* that new gravel mining would only be allowed by special permit but that pre-existing nonconforming uses of land could continue. Therefore, plaintiff legally continued operation of Oliver Pit as a nonconforming use. In 1964, after a change in New York State's specifications for crushed stone to be used in road construction, plaintiff began using a mobile rock crusher at the Oliver Pit in place of a screen gravel separator, in order to maintain a profitable operation. In 1971, the town passed a new zoning ordinance which again required a special use permit for quarry-

ing, but also specifically prohibited the use of rock crushers. The new zoning law continued to allow prior nonconforming uses and provided that any nonconforming use which was abandoned could not be re-established. Plaintiff continued to use its rock crusher. In 1980, the town issued an order for plaintiff to cease using the rock crusher, as a violation of the zoning law. Plaintiff then commenced a declaratory judgment action concerning the legality of its use of the rock crusher. Special Term granted a judgment for plaintiff. On appeal we reversed and remitted for a trial on the issue of whether plaintiff had abandoned its use of the rock crusher (*Matter of James H. Maloy, Inc. v Town Bd. of Town of Guilderland,* 84 AD2d 856). Following a trial, the court found that plaintiff's quarrying operation, together with the accessory use of the rock crusher, was a valid pre-existing nonconforming use that had not been abandoned. Respondents have appealed. There was no evidence at the trial that the town was attempting to regulate through its police powers other than by means of its zoning laws. Since plaintiff's use of the rock crusher in its quarrying operations predated the 1971 ordinance, plaintiff's rock crusher was a legal prior nonconforming use as to that ordinance; therefore, the town cannot prohibit use of the rock crusher under the 1971 ordinance. Since the quarrying operation was a valid nonconforming use established before the 1954 ordinance, the only basis on which the town can prohibit use of the rock crusher under that ordinance would be either if the rock crusher constitutes an extension of, rather than an accessory to, plaintiff's prior nonconforming quarrying operation (see 1 Anderson 2d, New York Zoning Law and Practice, § 6.26, p 209; *People v Needelman,* 63 Misc 2d 583; cf. *Matter of Mariner's Realty Corp. v Wick,* 51 AD2d 1001; *Village of Waterford v O'Brien,* 39 AD2d 490), or if plaintiff had abandoned use of the rock crusher (Town of Guilderland Zoning Ordinance, § VII, subd N). The criterion for determining that a modification is an accessory use rather than an extension is that the modification is "a use customarily incidental and subordinate to the main or principal use" (Town of Guilderland Zoning Ordinance, § II, "Accessory Use"); or, in other words, a minor use of the property, commonly established as being reasonably related to the primary use (*Gray v Ward,* 74 Misc 2d 50, 54-55, affd 44 AD2d 597). The trial court made findings that the rock crusher was an accessory use of the quarrying operation. These findings conform to the above criteria, and there is evidence in the record to support them. Moreover, it has been held that introducing new types of machinery into a gravel pit operation will not amount to an expansion of a nonconforming use (*Matter of Syracuse Aggregate Corp. v Weise,* 72 AD2d 254, 260, affd 51 NY2d 278; *McGovern v Anzolone,* 22 Misc 2d 895). An abandonment requires both the intent permanently to give up the right to continue a nonconforming use and actual cessation of such use (Town of Guilderland Zoning Ordinance, § II, "Abandonment"). Although there apparently was a period in the mid-1970's when the rock crusher was used very little because of cutbacks in State highway construction and plaintiff's use of stockpiled materials, there was no showing that plaintiff had the intent required under the ordinance to relinquish the right to continue the use of the rock crusher. Furthermore, the provision in the 1971 ordinance that 12 months' discontinuance of use is prima facie evidence of abandonment applies only to nonuse of a "structure" (which is further defined as a "static construction"; Town of Guilderland Zoning Ordinance, § II). Uncontradicted testimony at the trial established that the rock crusher was a mobile, rather than a static, construction, and that it was actually moved occasionally, either for use at another pit, for repairs, or for protective storage during the winter. Thus, the 12-month period was not applicable to the rock crusher. Accordingly, the order and judgment should be affirmed. Order and judgment affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.