■ In the Matter of NICHOLAS MARZELLA, Respondent, v DAVID MUNROE et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Dobbs Ferry, dated April 12, 1985, which denied the petitioner's application for a building permit, the appeal is from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 25, 1985, which granted the petition, annulled the determination, and remitted the matter to the Zoning Board of Appeals for a hearing on whether the proposed restoration of the subject property would violate the Code of the Village of Dobbs Ferry § 300-78.

Ordered that leave to appeal to this court is hereby granted by Justice Weinstein; and it is further,

Ordered that the order is affirmed, with costs.

The court properly granted the petition and annulled the Zoning Board's determination that the nonconforming use of the subject property had been abandoned. Since the zoning ordinance in this case fails to provide that the mere discontinuation of a nonconforming use of the property for a specified period of time constitutes an abandonment, an intention to abandon the nonconforming use of the property must be established (see, Matter of Prudco Realty Corp. v Palermo, 93 AD2d 837, affd 60 NY2d 656; Matter of Concerned Citizens v Lester, 62 AD2d 171; City of Binghamton v Gartell, 275 App Div 457). The evidence adduced before the Zoning Board, however, belied any intention to abandon the nonconforming use of the property (see, Matter of Daggett v Putnam, 40 AD2d 567; Baml Realty v State of New York, 35 AD2d 857; Gauthier v Village of Larchmont, 30 AD2d 303; City of Binghamton v Gartell, supra). Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.