■ LAWRENCE H. HULL, Appellant-Respondent, v TOWN OF ITHACA, Respondent-Appellant.—Harvey, J. Cross appeals from an order and judgment of the Supreme Court (Bryant, J.), entered August 20, 1987 in Tompkins County, which, inter

*alia,* granted defendant's cross motion to dismiss the complaint.

Plaintiff is the owner of a 16-acre parcel of land located at 611 Five Mile Drive, also known as 491-491½ Floral Avenue, in the Town of Ithaca, Tompkins County. The front portion of the property is located in an area which has been zoned residential R-9 since 1954. The back portion of the property, which was originally classified as light industrial, was rezoned in 1975 at the request of a prior owner to residential R-15. The complete parcel contains, *inter alia,* a barn out of which plaintiff operates his plumbing business. Prior to purchasing the property, plaintiff had applied for permission to build an office and showroom adjacent to the barn. Although permission had been denied upon the ground that such activity would violate the zoning ordinances, plaintiff nevertheless purchased the property and operates his plumbing business there.

After being cited for operating a business in a R-9 zone, plaintiff commenced the instant action for a judgment declaring his business a preexisting nonconforming use and enjoining defendant from enforcing the residential zoning requirements against him. Plaintiff contended that the area zoned R-9 does not include the portion where the barn is located and that the 1975 rezoning of the back portion of the property was invalid. He further contended that the previous use of the barn established a preexisting nonconforming use. Plaintiff sought, by order to show cause, a temporary restraining order enjoining defendant from enforcing the ordinance against him. Defendant cross-moved to dismiss the complaint. Supreme Court denied plaintiff's motion and granted defendant's cross motion. The court found that plaintiff's business was located in the area zoned R-9 and that the present use of the building was an impermissible extension of any preexisting nonconforming use which might have been present. Plaintiff appeals.*

Initially, plaintiff argues that the various zoning maps do not clearly establish the depth from the road of the area which is classified as R-9 and that the barn in question may not be located in the R-9 area. In support of this argument,

---

* Although defendant cross-appealed because it disagreed with the portion of Supreme Court's decision which indicated that plaintiff might be entitled to use the barn for light commercial storage as a preexisting nonconforming use, defendant does not appear to be an aggrieved party since Supreme Court's order granted defendant's cross motion to dismiss plaintiff's complaint in its entirety.

plaintiff relies primarily upon zoning maps dated in 1980 and 1985. However, these are not official zoning maps of defendant. For a zoning map to be official, it must be adopted by ordinance or resolution and executed and filed with the clerk or register of the county along with a certification verifying that the map has been adopted as an official map (2 Anderson, New York Zoning Law and Practice § 20.01, at 48-49 [3d ed]; *see, Matter of White v Town of Pound Ridge Zoning Bd. of Appeals,* 42 AD2d 904). Review of the official map of defendant, dated February 26, 1968, reveals that the area in dispute is zoned R-9 for a depth of at least 250 feet from the road. The fact that the depth of the area zoned R-9 is 250 to 300 feet was accepted by plaintiff's predecessors in interest and, indeed, by plaintiff until the commencement of this action. Plaintiff's barn is located within 250 feet of the road and is therefore located in an area zoned R-9. Having determined that the barn is located in an area which has been zoned residential, it is not necessary to address the validity of the 1975 zoning of the back portion of plaintiff's parcel.

Next, plaintiff asserts that factual questions exist as to whether his current business may continue as a nonconforming use. At the time the front portion of plaintiff's property was first zoned residential, the property was owned by the Knight family, who used the barn for agricultural purposes. In 1962, the property was purchased by Stephen J. Shippos, who stored rolls of television cable in the barn. The next owner, Robert A. Boehlecke, Jr., from whom plaintiff purchased the property, rented out space in the barn for the storage of various items.

The change in use in 1962 from agricultural to commercial storage was authorized by the zoning ordinance which allowed for a change in a nonconforming use to a use of the same or a more restrictive classification (Zoning Ordinance of Town of Ithaca, former art VII, § 22 [eff Oct. 25, 1954]). At that time, an agricultural classification was the least restrictive classification (Zoning Ordinance of Town of Ithaca, former art VII, § 22 [eff Oct. 25, 1954]; art II, § 2). Further, the 1962 change involved neither an extension of a preexisting use nor an alteration of the structure *(see generally,* 1 Anderson, New York Zoning Law and Practice §§ 6.32-6.41, at 258-271 [3d ed]).

Contrarily, plaintiff's current use entails both an extension of the use and alteration of the property. Rather than using the property merely for storage, plaintiff operates a full plumbing business on the premises. This includes a retail store or showroom open to the public, a business office and an

increased volume of trucks transporting supplies. There is evidence in the record that plaintiff has established a second business, known as "Fixzit Man", on the premises. These activities have resulted in material alteration of the property and an unacceptable extension of the preexisting nonconforming use. This situation is covered by Zoning Ordinance of the Town of Ithaca, art XII, § 54 (eff Feb. 26, 1968), which provides that "[n]o non-conforming building or use shall be extended except as authorized by the Board of Appeals". Accordingly, we concur in Supreme Court's conclusion that the current use is beyond the scope of the preexisting nonconforming use and the extent to which the nonconforming use can be extended is a question for the Zoning Board of Appeals (see, e.g., 1 Anderson, New York Zoning Law and Practice § 6.36, at 265-266 [3d ed]).

Order and judgment affirmed, without costs. Casey, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.