■ FRANCES J. WALTER et al., Constituting the Town Board of the Town of Queensbury, Appellants, v KEITH L. HARRIS, Respondent. (Action No. 1.) PAUL DAVIDSON et al., Appellants, v KEITH L. HARRIS, Respondent. (Action No. 2.)—Harvey, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered February 7, 1989 in Warren County, upon a decision of the court, without a jury, in favor of defendant, and (2) from the judgment entered thereon.

Defendant is the owner of a home and surrounding land located on the north side of Pickle Hill Road in the Town of Queensbury, Warren County. The property in question has been continuously under the control of defendant's family for over 200 years. Defendant's father and grandfather conducted timber harvesting as well as wood processing on the land from the mid-1940s through around 1980. For a two-year period from 1978 to 1979, the family leased the residence to Ralph Flewelling, who stored heavy equipment including bulldozers, backhoes and large trucks used by Flewelling's employer.

Prior to obtaining title to the land, defendant resided there for most of his life and has been living on the subject land continuously since 1980.

Throughout the period since 1980, defendant utilized the property for the storage, maintenance and repair of various types of heavy equipment used by him in connection with his timber-harvesting business. Defendant denies cutting or storing any lumber on his property except that cut for his own personal use. Apparently the presence of the large vehicles and machinery was a cause of concern to defendant's neighbors. Even though defendant did not harvest timber on his property, his employees left their own vehicles at his home when they took the logging vehicles away. Defendant and his employees frequently returned to the house from the job to make repairs on the vehicles. For some time, a nonoperating vehicle was stored on the premises and used for parts but it was removed after complaints were received. In 1986, defendant built a 40-foot by 60-foot garage pursuant to a building permit. The garage has since been used to store vehicles and equipment.

In February 1987, members of the Town Board of Queensbury (as it existed at that time) commenced action No. 1 against defendant, alleging, among other things, that the building permit obtained by defendant for the construction of the garage was illegally issued, that defendant was conducting a logging business and heavy equipment repair shop from his property in contravention of the town's zoning ordinance, and that the structure and business activities of defendant constituted a public nuisance. In May 1987, certain of defendant's neighbors instituted action No. 2 against defendant. The allegations set forth in the complaint in action No. 2 were substantively identical to those in action No. 1 with the addition of a cause of action for private nuisance. Both actions were later joined and the matter was set down for a nonjury trial. Following completion of the trial, Supreme Court entered judgment in favor of defendant and dismissed the complaints in both actions. Supreme Court concluded that the garage constructed by defendant was a permitted accessory use of his residential parcel and that defendant was conducting his own business on the premises. However, the court further concluded that the business conducted was not in violation of the town's zoning ordinance because it was a preexisting nonconforming use of the property. Plaintiffs in both actions filed notices of appeal from the decision. However, plaintiffs in action No. 1 have since withdrawn their

appeal. Therefore, all further references to plaintiffs will only be to plaintiffs in action No. 2.

Initially, plaintiffs contend that defendant's use of his premises for the storage and maintenance of heavy equipment and vehicles was not a preexisting nonconforming use and they dispute Supreme Court's findings in this respect. We disagree. It is undisputed that the storage and maintenance of heavy equipment and vehicles is not a permitted or accessory use under the town's current or former versions of its zoning ordinance. Defendant must, therefore, establish that such use was legally created (see, Town of Virgil v Ford, 160 AD2d 1073). In our view, this burden was established based upon the proof that defendant's family began storing and maintaining heavy equipment and vehicles on the property long before the town enacted its first version of the zoning ordinance in 1958. Consequently, the only basis upon which this use can now be prohibited under the town's current zoning ordinance would be that the prior use had been abandoned (see, James H. Maloy, Inc. v Town Bd., 92 AD2d 1056, 1057).

According to plaintiffs, any nonconforming commercial use of the property that existed prior to 1980 was discontinued or abandoned when the property was leased to Flewelling in 1976 or 1977. Along these lines, plaintiffs point out that both the town's 1967 zoning ordinance and the current zoning ordinance provide that a nonconforming use will be terminated if discontinued for a period of 18 months or more (see, Town of Queensbury Zoning Ordinance § 8.303). The effect of such a zoning ordinance is to automatically foreclose any inquiry as to an owner's intent to abandon if the specified period is reasonable (see, Matter of Sun Oil Co. v Board of Zoning Appeals, 57 AD2d 627, 628, affd 44 NY2d 995).

In the case at bar, however, the record supports Supreme Court's finding that the property has been continuously used for the storage of heavy equipment for approximately the last 45 years. Defendant's father affirmed at trial that there was never a time that he could remember during his lifetime that the property was not used to some degree for the storage of bulldozers, trucks, farm equipment and things of that sort. Based on the record, it is clear that although volume and intensity of the storage and maintenance on the property may have varied, there has been no significant change in the kind of use of the property (see, Gilmore v Beyer, 46 AD2d 208, 210). As for the period of time when the property was leased by Flewelling, the record shows that Flewelling was employed by a trucker-excavator as a truck driver during the relevant

time. His employer testified that Flewelling would drive the truck and trailer he used for work home every night and would often leave heavy pieces of the employer's equipment on the premises for a week or more. This proof established that the nonconforming use was not abandoned during Flewelling's tenancy on the property. The mere fact that it was leased to others is irrelevant, especially without sufficient proof that the nonconforming use was discontinued by the tenant for the appropriate length of time (see, Matter of Incorporated Vil. of Lindenhurst v Retsel Enters., 140 AD2d 521, 522-523).

The remaining issues raised by plaintiffs have been examined and have been found to be without merit. Although plaintiffs contend that the issuance of a building permit to defendant to construct a 40-foot by 60-foot garage was improper because the zoning ordinance in effect at the time restricted the size of any commercial vehicle stored there to less than 1½ tons, plaintiffs point to no provision within the town's zoning ordinance that restricts the size of the garage constructed. Since plaintiffs have failed to establish that the garage was not a permitted accessory use customary, incidental and subordinate to the principal use of the building, no illegality has been presented.

Order and judgment affirmed, with costs against plaintiffs in action No. 2. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.