■ TOWN OF ITHACA, Appellant, v LAWRENCE H. HULL, Respondent.—Harvey, J. Appeal from a revised judgment of the Supreme Court (Ellison, J.), entered June 8, 1990 in

Tompkins County, upon a decision of the court in favor of defendant.

Defendant owns a parcel of land located at 611 Five Mile Drive, also known as 491-491½ Floral Avenue, in the Town of Ithaca, Tompkins County, which he purchased in 1985. Situated upon the property is a barn which defendant uses for commercial storage of his plumbing supplies. Although defendant also initially operated his heating and plumbing business out of the barn, plaintiff informed defendant that such use of the building violated the residential zoning ordinance which governed the area. In 1986, defendant commenced an action against plaintiff seeking a judgment declaring that the use of the barn for business purposes was a preexisting nonconforming use and enjoining plaintiff from enforcing the residential zoning requirements against him. Supreme Court ultimately held that the barn was located within the residential zone and that, while the barn had previously been used for commercial storage, the operation of defendant's business on the property was an "impermissible extension of a nonconforming use" and dismissed the complaint in its entirety. This court affirmed that decision *(Hull v Town of Ithaca,* 139 AD2d 887).*

Thereafter, defendant relocated his business to a new location although he continued to use his barn for storage purposes. In May 1989 plaintiff commenced this action seeking an injunction against defendant requiring him, *inter alia,* to cease any storage on his property "except pursuant to guidelines fixed by [plaintiff's] Board of Zoning Appeals". In his answer, defendant pleaded preexisting nonconforming use of the barn as a storage facility, res judicata and collateral estoppel as affirmative defenses. The latter two defenses were later dismissed by Supreme Court because it found that the dismissal of defendant's 1986 complaint against plaintiff *(see, supra),* "did not necessarily require a finding that [defendant] had a prior nonconforming use". A trial was then conducted after which Supreme Court determined that defendant's use of the barn for commercial storage constituted a valid preexisting nonconforming use. This appeal by plaintiff ensued.

We affirm. In our view, Supreme Court properly determined that defendant's use of the barn for commercial storage consti-

---

* Although plaintiff had cross-appealed Supreme Court's order and judgment to the extent it indicated that defendant's use of the building for storage was a valid preexisting nonconforming use, this court determined that plaintiff was not an aggrieved party because the complaint against it had been dismissed in its entirety *(see, Hull v Town of Ithaca,* 139 AD2d 887, 888, *supra).*

tuted a preexisting nonconforming use. It is undisputed that the area where defendant's property is located has been zoned residential since at least 1954. It was incumbent upon defendant, therefore, to establish that his use of the premises was legally created prior to the restrictive ordinance *(see, Walter v Harris,* 163 AD2d 619; *Town of Virgil v Ford,* 160 AD2d 1073, 1074). Defendant met this burden, however, by testimony at trial from one of his predecessors in interest to the effect that the subject barn had been used for commercial storage prior to 1954.

Nevertheless, as plaintiff points out, the right of a property owner to continue a nonconforming use may be lost if, for instance, the use is abandoned *(see, Walter v Harris, supra; James H. Maloy, Inc. v Town Bd.,* 92 AD2d 1056, 1057; *City of Binghamton v Gartell,* 275 App Div 457, 459-460). Because there is no indication in this case of a zoning ordinance providing that "the mere discontinuation of a nonconforming use of the property for a specified period of time constitutes an abandonment, an intention to abandon the nonconforming use of the property must be established" *(Matter of Marzella v Munroe,* 123 AD2d 866, *mod on other grounds* 69 NY2d 967). Significantly, "[a]bandonment does not occur unless there has been a complete cessation of the nonconforming use" *(Matter of Marzella v Munroe,* 69 NY2d 967, 968). Here, there was nothing adduced at trial that convinces us that there was an intent to abandon the nonconforming use by any of the respective owners of the premises. In fact, taken together, the testimony from the various witnesses arguably indicates that the use of the barn to store supplies for the businesses of the various owners and lessees was continuous throughout the applicable period.

Plaintiff's remaining contentions have been examined and found to be lacking in merit. Although it is true that an illegal extension of a preexisting use is also improper *(see, James H. Maloy, Inc. v Town Bd., supra,* at 1057), a mere increase in volume or intensity of a nonconforming use is not a qualitative change of use *(see, Syracuse Aggregate Corp. v Weise,* 72 AD2d 254, *affd* 51 NY2d 278). Because there is no indication here that there was a variation or alteration in the specific type of use involved *(see, Gilmore v Beyer,* 46 AD2d 208, 210), plaintiff's arguments here are unavailing.

Mahoney, P. J., Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the revised judgment is affirmed, with costs.