■ In the Matter of BERTHA SHINER, Respondent, v BOARD OF ESTIMATE OF THE CITY OF NEW YORK, Appellant. — In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Estimate of the City of New York that there was no substantial evidence to support the grant of a variance by the Board of Standards and Appeals to petitioner, the appeal is from a judgment of the Supreme Court, Richmond County (Rubin, J.), dated May 13, 1982, which annulled the determination and reinstated the variance granted by the Board of Standards and Appeals. Judgment reversed, on the

law, with costs, and petition dismissed on the merits. Pursuant to subdivision c of section 668 of the New York City Charter, the Board of Estimate's review of a determination by the Board of Standards and Appeals to grant a variance is "limited to an administrative determination as to whether the decision of the board of standards and appeals under each of the specific requirements of the zoning resolution was supported by substantial evidence before the board of standards and appeals". Section 72-21 of the Zoning Resolution of the City of New York prescribes five findings necessary for the granting of a variance: existence of unique physical conditions, no reasonable return, no resulting alteration in the essential character of the neighborhood, the alleged hardship was not created by the owner or a predecessor in interest, and the "variance, if granted, is the minimum variance necessary to afford relief". On this appeal, the parties respectively argue the presence and absence of substantial evidence to support each of the five findings made by the Board of Standards and Appeals. Petitioner seeks a variance to allow commercial use of a parcel of real property with a one-family house and detached garage. The lot is located in an R3-2 zoning district on the corner of Hylan Boulevard and Seacrest Avenue in Staten Island. Seacrest Avenue is a dead-end street. The tract is oversized, measuring 80 by 105 feet. There is also a six-foot difference in grade on the property. Petitioner essentially argues that the location of the house on Hylan Boulevard, a heavily trafficked thoroughfare, renders it unsaleable and unrentable. However, we do not believe the location of this particular lot constitutes a unique physical circumstance. The overwhelming use of property in the surrounding area is residential. Within a 400-foot radius of petitioner's property are five residences which face Hylan Boulevard, six residences facing various side streets while bordering on Hylan Boulevard, one paint and hardware store, a doctor's office and a medical building under construction. The remaining properties on side streets appear to be either residential or vacant. Thus, there is one nonconforming commercial use within the 400-foot radius (the paint and hardware store); petitioner seeks to add another. The hardship condition alleged is "so generally applicable throughout the district as to require the conclusion that if all parcels similarly situated are granted variances the zoning of the district would be materially changed" (*Matter of Douglaston Civic Assn. v Klein,* 51 NY2d 963, 965). As such, the location of the lot is not unique. On reviewing the record, we conclude that there was no substantial evidence before the Board of Standards and Appeals to support a finding of unique conditions. Nor was a finding of no reasonable return established by substantial evidence. Although evidence was submitted to establish the lack of feasibility for several permissible uses, evidence was noticeably absent to prove petitioner's contention that she was unable to sell the property. To be sure, there was evidence that one local bank did not have sufficient funds to extend a mortgage to the prospective commercial tenant and that mortgage interest rates were increasing. However, such proof failed to demonstrate that "any diligent and bona fide effort was made to sell the property" (*Matter of Forrest v Evershed,* 7 NY2d 256, 262). Indeed, a letter from one realtor indicated that petitioner had not listed the property for sale with that particular agency. In addition, petitioner relied on a contractor's construction estimate which calculated the cost of necessary repairs to be $16,209.25. Petitioner stated she could not afford this amount. However, the contractor incorrectly added his own figures, and the total should be $12,897.25. Moreover, the feasibility studies did not analyze the return petitioner would realize if she made the necessary improvements and thereafter rented the premises at a higher rate than she could command prior to making repairs. This deficiency demonstrates that the finding of no reasonable return was not supported by

substantial evidence. In reality, petitioner attributes the alleged hardship to her own lack of money to repair the premises. The evidence reveals that petitioner paid market value for the property when she purchased it in 1980. The house was either in an imperfect condition when she bought it or petitioner permitted the house to deteriorate. This appears to be a self-created hardship, rather than a hardship related to the particular zoning restrictions. Although the findings of the Board of Standards and Appeals that the variance would not alter the essential character of the neighborhood and that the variance granted was the minimum variance necessary under the circumstances may have been supported by substantial evidence, the resolution of the other issues precludes a determination in petitioner's favor. Gulotta, J. P., O'Connor, Weinstein and Rubin, JJ., concur.