■ In the Matter of RICHARD REEDER et al., Individually and as Officers of the Brookview Area Neighborhood Association, Appellants, v LUBOMIR SZMIGEL et al., Constituting the Zoning Board of Appeals of the Town of Irondequoit, Respondents. PINECREST ASSOCIATES, Intervenor-Respondent. — Judgment unanimously reversed, on the law, with costs, petition granted and determination annulled. Memorandum: Petitioners seek annulment of a use variance granted to intervenor Pinecrest Associates by respondent Zoning Board of Appeals of the Town of Irondequoit. Special Term dismissed the petition. The variance permits construction of a branch bank upon a lot situate partly in an R-6 zone and partly in an R-5 zone.

It is first argued that petitioners do not have standing to bring this proceeding. We disagree. The proceeding is brought by petitioners both individually and as officers of the Brookview Area Neighborhood Association. The Association has demonstrated that it is an appropriate organization to act as a representative of its membership (*Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1, 7). In any event, the record discloses that a number of the individual petitioners are owners of homes in close proximity to the subject property and that the proposed construction would add to already serious traffic problems. We find that the individual petitioners are aggrieved by the action of the Zoning Board of Appeals (Town Law § 267 [7]) and thus have standing to bring this proceeding (*Matter of Friends of Pine Bush v Planning Bd.,* 71 AD2d 780, *lv dismissed* 49 NY2d 860).

Turning to the merits, we find that the evidence presented to the Zoning Board of Appeals was insufficient to support the Board's action. At the public hearing, intervenor's representative merely stated in conclusory fashion that the property had been for sale for several years and that development of the property for a permissible use would require the expenditure of $30,000 to relocate a stream which traverses the property.

Several nonresidential uses of the property are permitted under present zoning. It was the intervenor's burden to demonstrate factually, by dollars and cents proof, an inability to realize a reasonable return under existing permissible uses (*Matter of Village Bd. v Jarrold,* 53 NY2d 254; *Bellanca v Gates,* 97 AD2d 971, *affd* 61 NY2d 878). No effort was made, however, to demonstrate those several factors which bear upon the rate of return (*see, Matter of Crossroads Recreation v Broz,* 4 NY2d 39,

44-45), nor was there any proof of diligent and bona fide efforts to sell the property (*see, e.g., Bellanca v Gates, supra; Matter of Shiner v Board of Estimate,* 95 AD2d 831).

Thus viewed, there is no need to resolve the issue of whether the intervenor was the proper party to seek the variance. (Appeal from judgment of Supreme Court, Monroe County, Cicoria, J. — art 78.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.