■ In the Matter of SALVATORE MARCHESE, Respondent, v EDWARD I. KOCH, as Mayor of the City of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Estimate of the City of New York which disapproved the grant of a zoning variance by the Board of Standards and Appeals, the appeal is from a judgment of the Supreme Court, Richmond County (McBrien, J.), dated December 17, 1984, which annulled the determination of the Board of Estimate, reinstated the determination of the Board of Standards and Appeals, and granted the requested variance.

Judgment reversed, on the law, with costs, determination of the Board of Estimate confirmed, and proceeding dismissed on the merits.

This proceeding arose from an application by the petitioner for a zoning variance in order to operate an automobile repair shop in a residential district of Staten Island. The Board of Standards and Appeals, after imposing various restrictions on the petitioner's use of the property, granted the variance but its determination was disapproved by the Board of Estimate. Special Term annulled the Board of Estimate's determination because it failed to take action within 30 days after accepting jurisdiction of the matter as required by New York City Charter § 668 (c).

Special Term erred when it determined that the Board of Estimate's failure to act in a timely manner caused it to lose jurisdiction of the matter. The time provision in New York City Charter § 668 (c) is directory only (see, Matter of King v Carey, 57 NY2d 505, 513; Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd., 35 NY2d 371; Matter of Rochester Gas & Elec. Corp. v Maltbie, 272 App Div 162; Fallon v Hattemer, 229 App Div 397).

The Board of Estimate's determination disapproving the variance was correct. The following findings required by New York City Zoning Resolution § 72-21 were not supported by substantial evidence before the Board of Standards and Appeals: (a) that there are unique physical conditions peculiar to and inherent in the particular zoning lot which cause practi-

cal difficulties or unnecessary hardship to arise in strictly complying with the Zoning Resolution; (b) that, because of such physical conditions, there is no reasonable possibility that development in conformity with the resolution will bring a reasonable return; (c) that the hardship was not self-created, and (d) that the variance, if granted, is the minimum necessary to afford relief.

The petitioner argues that his lot is not suitable for residential use because of its large size, unusual depth, trapezoidal shape, and proximity to another lot which is being used for commercial purposes. However, the petitioner presented no evidence to show how these conditions prevent him from being able to construct residences or obtain a reasonable return from such a use. The evidence in the record shows that many lots in the area are of trapezoidal shape and are close to a commercial property but are nevertheless used for residential purposes. There is nothing about a lot's large size which causes it to be inherently unsuitable for residential use. The petitioner's evidence on the anticipated return of various proposed uses shows no more than that commercial use is more lucrative than residential development in the neighborhood generally. This does not justify a variance *(see, Matter of Douglaston Civic Assn. v Klein,* 51 NY2d 963). Furthermore, the petitioner presented no evidence of a bona fide attempt to sell the property *(see, Matter of Forrest v Evershed,* 7 NY2d 256; *Matter of Shiner v Board of Estimate,* 95 AD2d 831). To the extent that the petitioner has encountered what he deems unnecessary hardship, the hardship was self-created rather than a result of the lot's condition *(see, Matter of Cowan v Kern,* 41 NY2d 591). Mollen, P. J., Lazer, Mangano and Thompson, JJ., concur.