■ In the Matter of Patrick N. Perger, Respondent, v Zoning Board of Appeals of the Town of Carmel, Respondent, and Howard F. Stockfield, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Carmel, dated February 4, 1987, which granted the application of Howard F. Stockfield for a variance, the appeal is from a judgment of the Supreme Court, Putnam County (Dickinson, J.), dated July 21, 1987, which granted the petition, annulled the determination of the Zoning Board of Appeals and denied the appellant's motion to dismiss the petition. The notice of appeal from the order dated July 10, 1987 is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, with costs, Stockfield's motion to dismiss the petition is granted, and the proceeding is dismissed.

The rule is well established that judicial review of a Zoning

Board determination is limited and that the Board's decision must be upheld if it has a rational basis and is supported by substantial evidence *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702).* In this case, the determination of the Zoning Board to grant an area variance to the appellant Stockfield satisfied this standard and the Supreme Court erred in annulling that determination.

Stockfield applied for an area variance in order to construct a house on a substandard lot. He was therefore required to establish that compliance with the ordinance would result in practical difficulties *(see, Matter of Fuhst v Foley, supra; Matter of Pacheco v De Salvo,* 127 AD2d 597). The Zoning Board, after a hearing and visit to the site by Board members, determined that Stockfield had established that compliance with the zoning ordinance would result in practical difficulties and that granting the variance would not adversely affect the neighborhood.

In annulling this determination, the Supreme Court concluded that Stockfield's hardship was self-created. Although contrary conclusions with respect to this issue might be drawn from the record, the Supreme Court cannot substitute its finding for that of the Zoning Board where there is substantial evidence in the record to support the Board's determination *(see, Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). Even if Stockfield's difficulties were self-created, such a finding would not, in and of itself, prevent the Zoning Board from granting the variance *(see, Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105; *Matter of Jackson v Kirkpatrick,* 125 AD2d 471). The Zoning Board properly considered the relevant factors, including whether there were other means to resolve Stockfield's practical difficulties, before concluding that denial of the variance would deprive him of the reasonable use of his property *(see, Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 143).

Finally, the Supreme Court erred in annulling the Zoning Board's determination on the ground that it failed to attach conditions to the variance regarding the size of the house to be constructed on the lot. The imposition of such conditions would have been premature in the absence of an application by Stockfield to exceed the applicable size limitations. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.