■ In the Matter of ARTHUR FISCHER et al., Appellants, v IRVING MARKOWITZ, as Chairman of the Zoning Board of Appeals of the Village of East Hampton, et al., Respondents.— In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of East Hampton, which granted the respondent Irving Liebman's application for a variance to relocate and alter an accessory structure, the petitioners appeal from (1) a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered November 21, 1988, which dismissed the proceeding and (2), so much of an order of the same court, entered February 8, 1989, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the judgment entered November 21, 1988, is dismissed, as that judgment was superseded by the order entered February 8, 1989, made upon reargument; and it is further,

Ordered that the order entered February 8, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The rule is well settled that judicial review of a zoning board determination is limited and that the Zoning Board's determination must be upheld if it has a rational basis and is supported by substantial evidence *(see, Matter of Fuhst v*

*Foley,* 45 NY2d 441; *Barrett v Rose,* 152 AD2d 525; *Matter of Perger v Zoning Bd. of Appeals,* 146 AD2d 698). In this case, the determination of the Zoning Board to grant an area variance to Irving Liebman satisfied this standard and the Supreme Court, therefore, properly dismissed the petition.

Liebman applied for an area variance in order to relocate a preexisting accessory structure (containing a garage and chauffeur's living quarters). The garage was to be moved to a conforming location and was to be continued as a garage. Liebman also sought to utilize the same amount of space used for living quarters (a nonconforming use) for a play room and billiard room. The height and size of the proposed structure exceeded the limits permitted by the local zoning ordinance.

The record discloses that the Zoning Board held three public meetings after appropriate public notice and that it properly considered the relevant factors before determining that although the proposed structure violated the height and size limitations for accessory structures as prescribed in the ordinance, the proposed alterations would benefit the community and immediate neighborhood by relocating the accessory structure to a conforming location and by eliminating the nonconforming living quarters.

We find, contrary to the petitioners' assertion, that the Zoning Board adequately set forth specific findings of fact in support of its determination. Even if this were not the case, the determination would not be invalid since it can be ascertained from a review of the record that the decision to grant the variance had a rational basis *(see, Matter of Buitenkant v Robohm,* 122 AD2d 791).

We also take note that in 1988, after the subject determination was made by the Zoning Board, the relevant local ordinance was amended to increase the height limitations for accessory structures. Although this record is unclear as to the exact height of the accessory structure, the amendment clearly resulted in either eliminating any deviation, or at worst, resulted in creating only a slight deviation between the existing height and the permitted height.

We have considered the petitioners' remaining contention and find it to be without merit. Thompson, J. P., Lawrence, Miller and O'Brien, JJ., concur.