■ In the Matter of JOSEPH SALADINO, Respondent, v RICHARD S. FERNAN et al., Appellants. [612 NYS2d 182] —In a proceeding pursuant to CPLR article 78, the appeal is from a judgment of the Supreme Court, Suffolk County (Werner, J.), entered August 5, 1992, which annulled a determination of the Zoning Board of Appeals of the Town of Southampton denying the petitioner's application for a zoning variance.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner operates an automobile salvage yard in Southampton. As part of his salvage yard business, he primes and/or paints used automobile parts for resale. However, after certain fire laws were amended which required the use of a paint booth for the type of painting engaged in by the petitioner, he applied to the appellants, the Zoning Board of Appeals of the Town of Southampton (hereinafter the Board), for a building permit and a zoning variance to erect a 60-foot by 150-foot building on his property to house the required paint booth. The Board denied the building permit and the zoning variance on the basis that it constituted an impermissible extension or expansion of a prior non-conforming use. The Supreme Court annulled the Board's determination as arbitrary and capricious, holding that the petitioner had made the requisite showing of practical difficulty and unnecessary hardship, and thus, was entitled to a zoning variance. We now reverse.

Review of the determination of the Board is limited to whether it has a rational basis and is supported by substantial evidence (see, Matter of Fuhst v Foley, 45 NY2d 441; Matter of Smith v Board of Appeals, 202 AD2d 678; Matter of Perger v Zoning Bd. of Appeals, 146 AD2d 698). A court may not substitute its discretion for that of the Board unless the

determination is arbitrary or contrary to law *(see, Matter of Brucia v Planning Bd.,* 157 AD2d 657).

A right to continue a prior nonconforming use does not include the right to extend or enlarge it *(see, Matter of Smith v Board of Appeals, supra; Garcia v Holze,* 94 AD2d 759; Anderson, New York Zoning Law and Practice § 6.32, at 258). Here, although spray painting by the petitioner constituted a prior existing nonconforming use of his property, the addition of a structure on the property, or the enclosure of an area previously open, that had been used for a nonconforming use would result in an extension or enlargement of such a use *(see, Matter of Harbison v City of Buffalo,* 4 NY2d 553, 559 [and cases therein cited]; 1 Anderson, New York Zoning Law and Practice § 6.38, at 267 [3d ed]; 4 Rathkopf, Law of Zoning and Planning § 51A.04 [3] [4th ed]). Thus, here, the Board was empowered to deny the application for a zoning variance. Furthermore, the evidence submitted by the petitioner failed to prove that he would suffer both practical difficulty and unnecessary hardship if denied such a variance. Accordingly, there is no basis for annulling the determination of the Board *(see, Matter of Fuhst v Foley, supra; Matter of Wilcox v Zoning Bd. of Appeals,* 17 NY2d 249; *Marchese v Koch,* 120 AD2d 590; *Matter of National Merritt v Weist,* 41 NY2d 438; *Matter of Cowan v Kern,* 41 NY2d 591; *Matter of Governale v Board of Appeals,* 121 AD2d 539; *Matter of Wachsberger v Michalis,* 19 Misc 2d 909; *Matter of Feldman v Nassau Shores Estates,* 12 Misc 2d 607, *affd* 7 AD2d 757). Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.