The People of the State of New York, Respondent,
*v.* Ralph Perkins, Appellant.

Argued January 22, 1940; decided March 5, 1940.

*Charles P. O'Brien* for appellant. The prior non-conforming use invalidates the ordinance as to defendant's property. (*Matter of Collins* v. *Moore,* 125 Misc. Rep. 777; *People* v. *Leo,* 178 N. Y. Supp. 851; *Matter of Empire*

*City Racing Assn.* v. *City of Yonkers*, 132 Misc. Rep. 816; *Wightman* v. *Foster*, 261 N. Y. Supp. 1002.)

*A. E. Gold* and *Frank E. Thomas* for respondent. The ordinance is not invalid as to defendant's property by reason of prior non-conforming use. (*Matter of Collins* v. *Moore*, 125 Misc. Rep. 777; *Town of Ramapo* v. *Bockar*, 151 Misc. Rep. 613.)

*Per Curiam.* The defendant has been convicted of a violation of the zoning ordinance of the village of Port Dickinson in conducting a business within a zoned restricted residential district. The defendant is the owner of two adjoining lots, on one of which there is a house which is the defendant's residence, and on the other of which there is a greenhouse. Before the zoning ordinance was adopted by the village in June, 1924, the greenhouse had already been built and the defendant was engaged in a business of selling plants and flowers, vegetables and fruits grown on his premises, and also vegetables and fruit that he purchased for resale. We construe the second section of article one of the zoning ordinance as permitting the continuance of non-conforming uses which had dated from a time previous to the enactment of the zoning ordinance. The business which the defendant conducted and which has been found violative of the ordinance is the same business in character as that conducted by the defendant before the ordinance was adopted. To be sure the business has increased in volume. He buys and sells considerably more than he did before 1924. He has added the sale of some novelties, consisting of pottery and wooden lawn ornaments. He has made use of the space on the lot on which his house is built. In essence, the business is the same. We find no evidence in the record to justify the finding that the defendant was doing more than continuing the permitted non-conforming use.

The judgments should, therefore, be reversed, and the information dismissed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgments reversed, etc.