■ ROBERT E. RUHM et al., Respondents, v C. P. CRASKA, INC., et al., Appellants. (Appeal No. 1.)—Judgment modified, in accordance with memorandum and, as modified, affirmed, without costs. All concur, Goldman, J. not participating. Memorandum: By the judgments appealed from in the two actions herein jointly tried, defendants were restrained and enjoined from making any other than residential use of their property on Cosby Manor Road in the Town of Deerfield, Oneida County, it being adjudged that such

property is zoned residential and that there is no valid nonconforming use on any of it. The issues presented concern the validity of a zoning ordinance enacted by the Town of Deerfield in 1959 and, in relation to a portion of defendants' property, the effect of a two-year amortization provision as to nonconforming uses in a zoning ordinance adopted in 1968. The amortization provision was eliminated by a later zoning ordinance adopted in 1975. The evidence establishes and the trial court found that prior to the enactment of a 1956 zoning ordinance and continuously since 1953, five acres and a parcel 110 feet by 500 feet conveyed to Josephine Craska in 1953 and reconveyed to defendant Alec Craska in 1971 in the northwest corner of the property, separated from the remainder of defendant's property on Cosby Manor Road by a ravine, have been utilized for the operation of a trucking business. Plaintiffs do not contest the trial court's finding of the invalidity of the 1956 ordinance but assert the validity of an ordinance enacted in 1959 which would allegedly result in the residential zoning of defendant's property and would apply the provisions of a similar ordinance enacted on November 19, 1968. The 1968 ordinance provided that: "all nonconforming uses of land shall be discontinued within two years after the effective date of this ordinance as amended, and any subsequent use of the land shall conform to the regulations of the district in which the land is located." In 1975 the ordinance was amended to eliminate the two-year amortization period. However, the trial court held that the 1975 amendment had no effect upon defendant's property because the enjoyment of the nonconforming use by defendants had been extinguished under the 1968 ordinance. The validity of the 1968 ordinance is conceded by defendants. While it requires by its terms the discontinuance of all nonconforming uses within two years after the effective date of the ordinance, it details the manner in which the ordinance shall be enforced, imposing certain duties on the building inspector with respect to making a record of nonconforming uses and buildings, including giving written notice of the ordinances and of nonconformity to each owner and occupant of nonconforming premises and stating that action must be taken by the owner to remove a violation in 20 days or proceedings to compel compliance with the ordinance will be instituted. The ordinance by its terms did not work an automatic extinction of defendants' nonconforming use prior to its repeal in 1975 but provided procedural steps, not taken in this case, which afforded a property owner an opportunity to assert any defense he might have to the validity of the amortization provisions as it applied to his property (see *Matter of Harbison v City of Buffalo,* 4 NY2d 553). Orderly procedure, rational zoning administration and constitutional protection of property required the ordinance to be enforced in the manner called for by the procedural section and, having failed to enforce it as to defendants' property before its repeal, no legal validity survived its repeal in 1975. While it appears that there has been an increase in the volume of business transacted on the property, the evidence does not establish a change in the nonconforming use since 1953. An increase in volume does not alter the legality of a validly established nonconforming use *(People v Perkins,* 282 NY 329). An enlargement or extension prohibited by the ordinance was not established except as to a triangular parcel purchased after 1971 which cannot be accorded the protection of a nonconforming use. The use of such parcel therefor comes within the operation of the ordinance. The validity of the 1959 ordinance is determinative of whether there is a valid nonconforming use of a 185 foot by 100 foot rectangular parcel 280 feet back from the Cosby Manor Road and adjacent to the Josephine Craska parcel to the west upon which the trucking business commenced construc-

tion of a building for use in the business in 1967 under a building permit issued in that year. While the evidence supports the finding of the trial court that prior to June, 1959 when the 1959 ordinance was enacted that property did not enjoy a nonconforming use, the proof is not complete and the record does not permit a determination as to the validity of the 1959 ordinance. If the 1959 ordinance should be adjudged to be invalid in its enactment, then the 185 foot by 100 foot parcel is entitled to the same protection from the operation of the 1968 ordinance by reason of a valid nonconforming use as the balance of the property adjacent to the east. The judgments are modified by declaring defendants' use for a trucking and terminal business of the five-acre parcel and an adjoining 110 feet by 500 feet in the northwest corner of defendants' 23-acre parcel a valid nonconforming use and deleting the injunction against use of such parcels for other than residential purposes and by remitting to Supreme Court, Oneida County, for determination the validity of the enactment of the 1959 zoning ordinance of the Town of Deerfield as it affects the existing nonconforming use of the adjacent rectangular 100 foot by 185 foot parcel. (Appeal from judgment of Oneida Supreme Court—injunction.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.