■ TOWN OF GARDINER, Respondent, v BLUE SKY ENTERTAINMENT CORPORATION, Appellant. [623 NYS2d 29] —Spain, J. Appeal from an order of the County Court of Ulster County (Bruhn, J.), entered June 9, 1994, which affirmed a judgment of the Justice Court of the Town of Gardiner in favor of plaintiff.

Defendant owns an 85-acre parcel of land on the east side of Sand Hill Road in the Town of Gardiner, Ulster County, lying in two zoning districts, an AR-40 Agricultural-Residential District and the Hamlet Commercial District. The premises are improved by a paved runway for the takeoff and landing of airplanes used for parachute jumping, sky diving and other recreational aviation activities.* Skydiving enthusiasts, including pilots and sky divers, have used defendant's premises for overnight camping. It is undisputed that the camping activities on defendant's premises began prior to 1973 and that defendant never obtained a permit for those activities.

Plaintiff first enacted a Zoning Law in July 1973. In 1983 the Zoning Law was amended to provide at section 30.93 that nonconforming uses shall not be enlarged, increased or extended to occupy a greater area of land than was occupied at the effective date of the amendment, except by special permit of the Zoning Board of Appeals. Zoning Law § 30.59 restricts, *inter alia,* the use of property for "Travel trailer parks and tourist camps". It defines a "tourist camp" as any plot of ground whereon are located or placed two or more tents or tent houses (Town of Gardiner Zoning Law § 30.59 [D] [1] [d]).

Defendant was served with an appearance ticket on October 13, 1992 by plaintiff's Code Enforcement Officer under CPL 150.10 alleging a violation of Zoning Law § 30.59 on the theory that the use of the "tourist camp" exceeded its preexisting nonconforming use in violation of Zoning Law § 30.93. The Gardiner Town Justice Court determined, after trial, that defendant was operating an illegal tourist camp in violation of Zoning Law § 30.59. County Court affirmed said determination, reasoning that there had been an enlargement or in-

---

* There has been continuous use of defendant's premises for aircraft activity since 1945.

crease of the nonconforming use as described in Zoning Law § 30.93.

Defendant argues on appeal that an increase in the volume of activity alone does not constitute a violation of the Zoning Law, and that it has a preexisting nonconforming use the nature of which has not changed. As this Court has held, "[a]n increase in the volume of use, without a significant change in the kind of use, is not considered a proscribed extension of a nonconforming use" *(Gilmore v Beyer,* 46 AD2d 208, 210). In the case at bar defendant's premises have been continually used for the same purposes for 40 years. The record indicates that while the volume of sky divers, pilots and campers has increased, the use of defendant's premises has undergone no significant change *(see, Walter v Harris,* 163 AD2d 619).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and complaint against defendant dismissed.