■ In the Matter of TARTAN OIL CORP., Appellant, v BOARD OF ZONING APPEALS OF THE TOWN OF BROOKHAVEN, Respondent. [623 NYS2d 902] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Brookhaven, dated March 7, 1991, which, after a hearing, denied the petitioner's application for a use variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated November 19, 1992, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which denied the petition and dismissed the proceeding in its entirety, and substituting therefor a provision granting the petition to the extent of annulling so much of the determination of the Board of Zoning Appeals of the Town of Brookhaven as denied the petitioner's application for a use variance insofar as it sought to reconfigure gasoline-pump islands; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Building Department of the Town of Brookhaven for further proceedings consistent herewith.

In 1986, the petitioner purchased certain premises located in a J-2 Zoning District, upon which a gasoline station was being operated as a legal nonconforming use. Approximately four years later the petitioner asked the Town of Brookhaven Building Department to approve its plan to renovate the gasoline station by replacing the station's one gasoline-pump island, upon which four pumps were located, with four individual islands, each of which would hold one modernized pump and would be sheltered by a canopy. The modernized pumps would be capable of servicing two patrons at a time, whereas the pumps currently located on the property can only service one customer at a time. The petitioner's plan also sought to add a convenience store to the premises.

Shortly thereafter the Building Department denied the petitioner's application, on the basis that it appeared to involve the expansion of the nonconforming use, a matter that must be reviewed by the Board of Zoning Appeals of the Town of Brookhaven (hereinafter the Board). Thus, the petitioner made an application to the Board for a use variance. After a hearing, the Board denied the petitioner's application, finding that the petitioner failed to meet its burden of establishing its entitlement to permission to expand its nonconforming use of the premises, and further finding that, pursuant to the Town of Brookhaven Code, authorization of the construction of a convenience store/gasoline station may only be obtained from the Town Board by application for a special exception. In a proceeding pursuant to CPLR article 78 to review the Board's determination the Supreme Court confirmed the determination of the Board, and this appeal ensued.

While the Town of Brookhaven Code prohibits the extension of a nonconforming use, it does not prohibit its alteration (see, Town of Brookhaven Code § 85-372). The petitioner basically seeks to alter the existing gasoline station by modernizing its pumps, not by increasing the number of pumps. While the

number of customers who can be serviced at the same time will increase with the installation of modernized pumps, "merely increasing the volume of business does not amount to an expansion of a nonconforming use *(Ruhm v C. P. Craska, Inc.,* 59 AD2d 1016; *Gilmore v Beyer,* 46 AD2d 208)" *(Matter of Syracuse Aggregate Corp. v Weise,* 72 AD2d 254, 260, *affd* 51 NY2d 278). Nor does the modernization of the machinery used in the business constitute an expansion of that business *(Matter of Syracuse Aggregate Corp. v Weise, supra).* Given that the petitioner was not seeking to engage in conduct prohibited by the provisions of the Town of Brookhaven Code dealing with nonconforming uses, it was not required to apply for a use variance.

However, the Board of Zoning Appeals correctly determined that the petitioner is required to obtain a "special exception" from the Town Board of the Town of Brookhaven (hereinafter the Town Board) in order to build a convenience store on the premises *(see,* Town of Brookhaven Code § 85-257 [C] [1]). While it is undisputed that a convenience store is a permitted use in a J-2 District, the district within which the premises are located, it is equally true that the Brookhaven Code requires the issuance of a special exception by the Town Board before a convenience store may be constructed as an accessory to a gasoline filling station *(see,* Town of Brookhaven Code § 85-257 [C] [1]). Article XXIV of the Town of Brookhaven Code, the article within which the special exception requirement is located, only applies to J-5 Districts, because normally gasoline filling stations are only permitted within J-5 Districts. By being permitted to continue to operate a gasoline station as a legal nonconforming use in the J-2 District, the petitioner is receiving the benefit of J-5 Districting status. To require it to also suffer the burdens of such districting is not contrary to the law, is neither arbitrary nor capricious, and is in accordance with the overall zoning plan of the Town of Brookhaven. Thus, the Board did not act in excess of its power when it determined that the petitioner is required to apply to the Town Board for a special exception before it can build a convenience store as an accessory to its gasoline station.

It appears from the record that the Town of Brookhaven Building Department never substantively reviewed the petitioner's plans with respect to the renovation of the gasoline pumps. We hereby remit this matter to that agency for an opportunity to do so. Rosenblatt, J. P., Lawrence, Altman and Krausman, JJ., concur.