■ ROBERT D. LEITCH, JR., Appellant, v HERBERT L. JACKSON, JR., et al., Respondents. [662 NYS2d 940] —Mercure, J. Appeal from a judgment of the Supreme Court (Mycek, J.), entered December 29, 1995 in Saratoga County, upon a decision of the court in favor of defendants.

Plaintiff owns a parcel of real property situated in the Manning Park subdivision on the shore of Ballston Lake in the Town of Ballston, Saratoga County. According to the description of the property contained in plaintiff's deed, plaintiff's northerly boundary line runs along the southerly side of Man-

---

ning Road, a 50-foot-wide paper street as laid out on a 1926 map of the subdivision by S. J. Mott, a civil engineer. Defendants hold title to the land within Manning Road. Alleging that defendants and others improperly claim the right to use a boat launch that is situated on his property, plaintiff commenced this action pursuant to RPAPL article 15 to establish the location of his northerly line. At a nonjury trial, the parties produced contradictory expert evidence, with plaintiff's experts fixing the southerly line of Manning Road approximately 10 feet north of the line established by defendants' surveyor and the 1926 subdivision map. Supreme Court found that plaintiff had failed to satisfy his burden of proof, determined the location of Manning Road in accordance with defendants' survey and dismissed the complaint. Plaintiff appeals, and we affirm.

As developed at trial, the essential theory of plaintiff's case is that the original subdivider, James White, intended that the southerly line of Manning Road be located along an existing wire fence, situated parallel to and approximately 10 feet north of the southerly line of Manning Road as it is depicted on the 1926 subdivision map. In support of that position, plaintiff and his experts point to (1) physical monuments on the ground consisting of the wire fence and iron pipes driven in the ground on a line with it, (2) a 1956 deed from White and his wife to the Jewish Community Center of Schenectady, which by its terms fixes the southerly line of Manning Road on the fence line, and (3) a map to the same effect by E. D. Collamer, a civil engineer. At trial, that evidence was contradicted and refuted by defendant's experts and then rejected by Supreme Court in the exercise of its fact-finding authority. Although recognizing our power in a nonjury case to "weigh the relative probative force of conflicting inferences to be drawn [from the evidence]" and to substitute our factual findings for Supreme Court's (*Hoover v Durkee*, 212 AD2d 839, 841; *see, J & J Structures v Callanan Indus.*, 215 AD2d 890, 891, *lv denied* 86 NY2d 708), we are not persuaded to do so here. Rather, we view this as a case where we should defer to the trial court's credibility determinations (*see, id.*).

We consider it to be of some significance that the Manning Park subdivision is quite large, consisting of 274 separate lots, the great majority of which are 50 feet by 100 feet in dimension. Among the many subdivision roads are 10 that run in an east-west direction, generally perpendicular to the shore of Ballston Lake; nine of those roads (including Manning Road) are laid out parallel to one another, with each situated exactly 200 feet distant from the next. Under the circumstances, there

is great danger in attempting to ascertain the subdivider's intention with regard to a single road, lot or even block of lots because of the impact on the balance of the subdivision. In this case, to "move" Manning Road in the manner prescribed by plaintiff would throw off the location of substantially every other lot and road, which available monumentation show to have been laid out in accordance with the original subdivision map and a more recent map prepared by defendants' surveyor. Under the circumstances, we are inclined to view plaintiff's theory of the matter as unduly narrow and self-serving.

Other substantial considerations mitigate in favor of Supreme Court's conclusion that plaintiff failed to satisfy his burden of proof. First, we note that neither the deed to plaintiff nor any deed in plaintiff's chain of title back to the original subdivider makes any reference to the wire fence or monuments presently relied upon by plaintiff and his experts. In fact, all make specific reference to Mott's 1926 subdivision map. Second, the Collamer map, upon which plaintiff places great reliance, is not certified and gives no indication that it reflects an actual survey of the property. As acknowledged by plaintiff's title expert, that exhibit has not been shown to constitute anything more than "a map showing boundaries [that is] dated and scaled". Third, the description of the property depicted on the Collamer map fails to mathematically close and also improperly utilizes an extreme outside corner or "outbound" of the White property as its point of beginning, despite the fact that the Mott map left the perimeter or "remnant" lots undefined.

It is also worthy of note that the conveyance to the Jewish Community Center of Schenectady fails to make any reference to the Collamer map, providing some evidence that there was no intention that the latter be filed. In addition, the surveyors called by plaintiff acknowledged that plaintiff's theory concerning the proper location of the southerly line of Manning Road constituted a deviation from the filed subdivision map. One of plaintiff's surveyors chose to adjust for this discrepancy by changing the size of every other lot in the subdivision; the other would simply decrease the width of Manning Road to 40 feet. In contrast to the evidence presented by plaintiff, defendants' experts made a credible and cohesive showing that was consistent with the filed subdivision map and in harmony with the existing location of the remaining lots and streets in the subdivision.

Plaintiff's remaining contentions have been considered and found unavailing.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.