■ INCORPORATED VILLAGE OF LAUREL HOLLOW, Appellant, v JOHN D. OWEN, Respondent, et al., Defendants, and WILLIAM NICHOLS et al., Intervenors-Respondents. [669 NYS2d 222] —In an action, *inter alia,* for a judgment declaring the rights of the parties concerning the use of certain real property located in the Village of Laurel Hollow, and to enjoin the continued use of

said property, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Kutner, J.), dated December 24, 1996, as, after a nonjury trial, (1) declared that the defendant John D. Owen and the intervenors-defendants have a lawful nonconforming use to maintain and operate a commercial horse farm on the property known as the "Gilbert Parcel", without limitation as to the number of horses boarded on the property, and that such lawful nonconforming use has not been abandoned, and (2) dismissed its second cause of action to recover fines and penalties based on violations of the Code of the Village of Laurel Hollow.

Ordered that the judgment is modified by deleting the words "without limitation" from the second decretal paragraph thereof; as so modified, the judgment is affirmed, with costs to the intervenors-defendants payable by the appellant.

A right to continue a nonconforming use does not include the right to extend or enlarge it (*see, Matter of Steiner Fellowship Found. v De Luccia,* 90 NY2d 453; *Matter of Smith v Board of Appeals,* 202 AD2d 674; 1 Anderson, New York Zoning Law and Practice, § 6.32, at 258 [3d ed]). However, a mere increase in the volume or intensity of the use is not necessarily an extension or enlargement of such use (*see, Matter of Tartan Oil Corp. v Board of Zoning Appeals,* 213 AD2d 486; *Matter of Smith v Board of Appeals, supra;* 1 Anderson, New York Zoning Law and Practice, § 6.33, at 259-260 [3d ed]). In order to effectuate an impermissible extension or enlargement, there must be a change in volume or intensity which results in a variation or alteration of the specific type of use (*see, Matter of Tartan Oil Corp. v Board of Zoning Appeals, supra*). Further, in keeping with the sound public policy of eventually extinguishing all nonconforming uses, the courts will enforce a municipality's reasonable circumscription of the right to expand the volume or intensity of a prior nonconforming use (*see, Matter of Off Shore Rest. Corp. v Linden,* 30 NY2d 160; *Matter of Harbison v City of Buffalo,* 4 NY2d 553, 559; *Matter of Syracuse Aggregate Corp. v Weise,* 72 AD2d 254, *affd* 51 NY2d 278).

The increase in the number of horses on the subject property did not, under the circumstances of this case, constitute an improper enlargement or extension of the prior nonconforming use (*see, People v Perkins,* 282 NY 329; *Town of Gardiner v Blue Sky Entertainment Corp.,* 213 AD2d 790; *Matter of Tartan Oil Corp. v Board of Zoning Appeals, supra*). However, that the current use does not represent an improper enlargement or extension does not mean that the number of horses that may

be boarded or used on the property may be further increased "without limitation". Accordingly, that language is deleted from the judgment.

Further, we find that the Supreme Court properly determined that there was a failure of proof as to the plaintiff's claim that the nonconforming use was abandoned.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Santucci, Krausman and Florio, JJ., concur.