■ TOWN OF MENTZ, Respondent, v P. GENE CRANDALL, Appellant. (Appeal No. 2.) [732 NYS2d 778] —Order unanimously reversed on the law with costs, motion denied, permanent injunction vacated and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in granting the motion of plaintiff, Town of Mentz (Town), for partial summary judgment seeking a permanent injunction prohibiting defendant from using his property as a junkyard. The court issued the injunction despite the fact that defendant had been issued junkyard licenses on a yearly basis since 1996. The Town issued those licenses pursuant to its Local Law No. 3 (Junkyard Law), enacted November 25, 1994. The Junkyard Law sets forth certain fencing and set-back requirements and further provides that, if

property cannot be brought in compliance with those requirements, "said requirement[s] shall be deemed waived and inapplicable." Defendant's property was not brought in compliance with those requirements and the Town has been issuing licenses to defendant without conditions of remediation since 1996.

The record is replete with issues of fact that preclude summary judgment, including whether defendant's pre-1994 use of the property constitutes a prior nonconforming use (*see generally, Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). We therefore reverse the order, deny the Town's motion, vacate the permanent injunction and remit the matter to Supreme Court for further proceedings before a different Judge. (Appeal from Order of Supreme Court, Cayuga County, Contiguglia, J.—Injunction.) Present—Pine, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.