■ In the Matter of 550 HALSTEAD CORP., Respondent, v ZONING BOARD OF APPEALS OF TOWN/VILLAGE OF HARRISON et al., Appellants. [762 NYS2d 283] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town/Village of Harrison dated February 1, 2001, which, inter alia, denied the petitioner's application, inter alia, for a determination that its newly-installed metal lumber storage racks did not constitute an improper expansion of its nonconforming use, the appeal is from a judgment of the Supreme Court, Westchester County (Angiolillo, J.), entered January 15, 2002, which granted the petition, annulled the determination, and directed the Zoning Board of Appeals of the Town/Village of Harrison to grant the petitioner's application.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

It is well settled that zoning boards are vested with broad discretion in interpreting local zoning ordinances and considering applications of landowners for variances therefrom (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]). Courts may not substitute their discretion for that of the zoning board, and its determination should be upheld if it has a rational

basis and is supported by substantial evidence (*see id.; see also Matter of Sasso v Osgood*, 86 NY2d 374 [1995]; *Town of Huntington v Five Towns Coll. Real Prop. Trust*, 293 AD2d 467 [2002]). Moreover, in keeping with the public policy favoring the eventual elimination of nonconforming uses, courts will enforce a municipality's reasonable circumscription on the right to expand the volume or intensity of a prior nonconforming use (*see Incorporated Vil. of Laurel Hollow v Owen*, 247 AD2d 585, 586 [1998]).

Here, the Town of Harrison Code prohibits the expansion, enlargement, extension, reconstruction, or structural alteration, inter alia, of any nonconforming use (*see* Town of Harrison Code §§ 235-52 , 235-61 [D] [1]). There is substantial evidence supporting the finding that the petitioner's replacement of its ground-level pallet lumber storage with outdoor metal storage racks up to 25 feet high in its nonconforming lumberyard constituted an illegal expansion (*see Matter of Gilchrist v Town of Lake George Planning Bd.*, 255 AD2d 791 [1998]; *Matter of Saladino v Fernan*, 204 AD2d 554 [1994]). Furthermore, there was uncontroverted evidence that the new storage racks posed an increased fire hazzard to the adjacent residential multi-family structures. There was also substantial evidence supporting the finding to decline to grant use and area variances to the petitioner. Ritter, J.P., S. Miller and Adams, JJ., concur.

Florio, J., dissents and votes to affirm the judgment appealed from, with the following memorandum, in which H. Miller, J., concurs: The petitioner has lawfully operated a lumberyard as a preexisting nonconforming use in the Town of Harrison since prior to the enactment of the Town's zoning code in 1974. In 1997, after it received a variance and renovated its showroom, the petitioner began to store its lumber on roofed metal lumber racks, between 18 and 25 feet high, instead of storing its lumber on pallets of lumber, stacked approximately 11 feet high. It did not expand its product line. It only continued to sell the same lumber as before, albeit in larger quantities.

Contrary to the conclusion of my colleagues, I believe that the Supreme Court properly determined that the petitioner had a right, as it did here, to modernize its nonconforming business. All the petitioner did was increase the volume of the lumber sold with a concomitant increase in the intensity of that use. These kinds of increases are not, as we have consistently held, an extension or enlargement of the existing nonconforming use, and thus are generally permissible without obtaining permission of the appropriate zoning authority. Ac-

cordingly, I would affirm the Supreme Court's determination that the metal racks were permissible. Thus, the determination of the Zoning Board of Appeals of the Town/Village of Harrison not to allow their use was properly annulled (*see Incorporated Vil. of Laurel Hollow v Owen*, 247 AD2d 585 [1998]; *Town of Gardiner v Blue Sky Entertainment Corp.*, 213 AD2d 790 [1995]; *Matter of Tartan Oil Corp. v Board of Zoning Appeals of Town of Brookhaven*, 213 AD2d 486 [1995]; *Matter of Smith v Board of Appeals of Town of Islip*, 202 AD2d 674 [1994]).

In making this determination I note that the petitioner must comply with any existing fire codes, as well as any other appropriate zoning regulations.