■ In the Matter of PAULETTE SATUR MUELLER, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF SOUTHOLD, Appellant, et al., Respondents. [783 NYS2d 593]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Southold dated June 7, 2001, which, after a hearing, annulled the Town Building Inspector's decision to grant the petitioner a building permit, the Zoning Board of Appeals of the Town of Southold appeals from a judgment of the Supreme Court, Suffolk County (Jones, J.), dated July 1, 2002, which granted the petition, annulled the determination, and reinstated the building permit.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, and the determination of the Zoning Board of Appeals of the Town of Southold is reinstated.

In 1997 the petitioner, Paulette Satur Mueller, and her husband, Eberhard Mueller, purchased an 18-acre farm on Alvah's Lane in the Town of Southold. Mr. Mueller is a celebrated chef, and the Muellers grow organic speciality produce on their farm, both for their own use and for sale to a number of Manhattan and Long Island restaurants.

Prior to the Muellers' purchase of the farm, the County of Suffolk acquired development rights to most of the property as part of its Farmland Development Rights Program. In April 1998 Mrs. Mueller wrote to the Suffolk County Farmland Committee (hereinafter the Farmland Committee) to request permission to build a greenhouse, which would extend the growing season of certain produce. In her letter, Mrs. Mueller indicated that she and her husband planned to locate the greenhouse at either the northwest or southeast end of the property, and represented that it would not be obtrusive at those sites. They intended the greenhouse to remain in place for the three-year lifespan of the materials of which it was to be constructed. At a meeting later that month, the Farmland Committee approved the construction of a temporary greenhouse at the northwestern location, "subject to local requirements." Thereafter, without obtaining a building permit, the Muellers constructed two temporary greenhouses on the northeastern portion of their farm, approximately 70 feet from the front property line. The greenhouses each measure 30 feet by 96 feet, and total approximately 6,000 square feet. When the construction came to the Town's attention, the Town Building Inspector informed Mrs. Mueller that a building permit was required for the greenhouses. Mrs. Mueller then applied for and obtained a building permit for the structures.

Patricia McNamara and James McNamara, who reside across the street from the Mueller farm, appealed the decision to issue the building permit to the Town's Zoning Board of Appeals (hereinafter the Zoning Board). In support of their appeal, the McNamaras argued that the Building Inspector erred in issuing the building permit without first requiring the Muellers to obtain site plan approval for construction of the greenhouses. Pursuant to the Town's zoning ordinance, site plan approval must be obtained for "[a]ny change in use or intensity of use which will affect the characteristics of the site in terms of parking, loading, access, drainage, open space or utilities" (Code of Town of Southold § 100-250). The McNamaras further noted that prior to the construction of the greenhouses, they had an unobstructed view from the front window of their home to the farm field across Alvah's Lane. They also pointed out that had the Muellers placed the greenhouses on the northwestern portion of their property in compliance with the Farmland Committee's decision, they would not have lost their scenic view of open farmland. The Muellers argued that there had been no change in the intensity of the agricultural use of their property since crops had always been grown year round. In addition, the Muellers maintained that even if the extension of the growing season for certain crops constituted an intensification of the agricultural use of the property, such use did not affect open space because the greenhouses covered less than one percent of the farm property.

Following a public hearing, the Zoning Board granted the appeal, concluding that site plan approval was required prior to issuance of a building permit for the greenhouses. In support of its determination, the Zoning Board stated that "[t]he greenhouses . . . total approximately 6000 square feet. By sheer size alone these cannot be considered minor accessory structures. The footprint created by such substantial greenhouses as well as their placement on the property constitute a change in intensity of use which will affect, at a minimum, open space. Thus, pursuant to [Code of Town of Southold] § 100-250 site plan approval was required as a condition precedent to the issuance of a building permit. The [Zoning] Board notes that in totaling approximately 6000 square feet these structures are larger than the majority of the structures in the Town."

Mrs. Mueller subsequently commenced this proceeding to annul the Zoning Board's determination. The Supreme Court granted the petition, finding that there was no evidence that the temporary greenhouses would increase the volume of agricultural production on the property, which historically had been used to grow crops.

Zoning boards have broad discretion in interpreting local zoning ordinances and a court may not substitute its judgment for that of the zoning board (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of 550 Halstead Corp. v Zoning Bd. of Appeals of Town/Vil. of Harrison,* 307 AD2d 291 [2003], *affd* 1 NY3d 561 [2003]). Thus, a zoning board's determination must be upheld if it is rational and supported by substantial evidence, even if the reviewing court would have reached a different result (*see Matter of Ifrah v Utschig, supra* at 308; *Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville,* 98 NY2d 683, 685 [2002]; *Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]; *Matter of Savetsky v Board of Zoning Appeals of Town of Southampton,* 5 AD3d 779, 780 [2004], *lv denied* 3 NY3d 604 [2004]). Here, the record clearly demonstrates that the very purpose of the greenhouses is to increase the farm's productivity by extending the growing season of certain crops, and enabling other crops to survive the winter. While it is true that crops have historically been grown on the farm, it cannot be said that the Zoning Board's determination that the greenhouses will intensify the existing agricultural use is irrational (*see Matter of 550 Halstead Corp. v Zoning Bd. of Appeals of Town/Vil. of Harrison, supra; Matter of Saladino v Fernan,* 204 AD2d 554 [1994]). Furthermore, the Zoning Board also rationally concluded that the addition of two structures totaling 6,000 square feet is a change which affects the farm's "open space" within the meaning of the local zoning ordinance. In this regard, it should be noted that one of the reasons the Town has deemed farming to be essential to the community is that farms "provide fresh food, clean air, economic diversity and aesthetic open spaces" (Code of Town of Southold § 100-220). The task of balancing a farmer's need to increase productivity by constructing improvements against the need to preserve open space for the enjoyment of all is a matter best left to the local zoning board. Consequently, the Supreme Court should have denied the petition.

The parties' remaining contentions are without merit. Altman, J.P., S. Miller, Krausman and Cozier, JJ., concur.