■ VILLAGE OF GAINESVILLE, Respondent, v RONALD W. HOTIS et al., Appellants. In the Matter of RONALD W. HOTIS, Appellant, v BOARD OF TRUSTEES OF VILLAGE OF GAINESVILLE et al., Respondents. [833 NYS2d 826]—

Appeals from a judgment (denominated order) of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered July 5, 2006. The judgment, among other things, granted plaintiff's motion for injunctive relief and denied the petition to annul a determination of respondent Zoning Board of Appeals of the Village of Gainesville.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating that part of the second decretal paragraph denying petitioner-plaintiff's remaining claim for declaratory relief and by vacating the fourth and fifth decretal paragraphs and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff, the Village of Gainesville (Village), commenced an action to enjoin and restrain defendants, Ronald W. Hotis (Hotis) and his wife, from violating its zoning law by keeping horses and more than two dogs on their property. Hotis then commenced a combined CPLR article 78 proceeding/

declaratory judgment action seeking, inter alia, to annul the determination of respondent Zoning Board of Appeals of the Village denying his application for a use variance and seeking a declaration that he has a valid nonconforming use of the property. Hotis does not address in his brief any issue concerning Supreme Court's denial of his request for relief pursuant to CPLR article 78 and thus has abandoned any such issue (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). We agree with Hotis, however, that the court erred in denying his request for declaratory relief and in granting the Village injunctive relief without conducting a trial, and we therefore modify the judgment accordingly. There was no motion for summary judgment pending before the court and, in any event, we conclude on the record before us that the Village did not establish its entitlement to injunctive relief. There are triable issues of fact, including whether Hotis improperly expanded his preexisting nonconforming use by keeping six horses on the property, and whether he has a preexisting nonconforming use to operate a kennel on the property. We thus conclude that the court should have conducted a trial to resolve the disputed issues of fact (*see Town of Mentz v Crandall*, 288 AD2d 841 [2001]; *see generally Town of Clarkstown v M.R.O. Pump & Tank, Inc.*, 32 AD3d 925 [2006]; *Incorporated Vil. of Laurel Hollow v Owen*, 247 AD2d 585 [1998]; *Martino v Town of Bergen*, 98 AD2d 968 [1983], *lv denied* 61 NY2d 606 [1984]). Present—Centra, J.P., Lunn, Peradotto and Pine, JJ.