■ CITY OF WHITE PLAINS, Appellant, v AMODIO'S GARDEN CENTER AND FLOWER SHOP, INC., et al., Respondents. [902 NYS2d

403]—In an action to permanently enjoin the defendants from processing topsoil and mulch at their nursery business, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Colabella, J.), entered April 17, 2009, which, upon an amended decision of the same court dated February 26, 2009, made after a nonjury trial, finding, inter alia, that the defendants' operation of the nursery business constituted a pre-existing nonconforming use and that the processing of topsoil and mulch did not constitute an expansion of the pre-existing nonconforming use, is in favor of the defendants and against it dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On appeal from a judgment entered after a nonjury trial, this Court "may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 133-134 [1930]). In a nonjury trial, the evaluation of the credibility of witnesses, as well as the determination of which of the proffered items of evidence are most credible, are matters committed to the trial court's discretion (*see Solomon v Solomon*, 276 AD2d 547, 548 [2000]). We discern no basis here to disturb the Supreme Court's determination (*see Town of Clarkstown v M.R.O. Pump & Tank, Inc.*, 32 AD3d 925, 927 [2006]; *Matter of Tartan Oil Corp. v Board of Zoning Appeals of Town of Brookhaven*, 213 AD2d 486 [1995]; *Town of Ithaca v Hull*, 174 AD2d 911 [1991]). Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.