■ Robert O. Link, Jr., et al., Respondents, v Richard Sarcona et al., Appellants. [941 NYS2d 849]—

In an action, inter alia, to recover damages for breach of the housing merchant implied warranty of General Business Law § 777-a, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Gazzillo, J.), entered January 19, 2011, which, upon a decision of the same court (Sweeney, J.), dated November 10, 2010, made after a nonjury trial, is in favor of the plaintiffs and against them in the principal sum of $50,828.88.

Ordered that the judgment is affirmed, with costs.

In reviewing a determination made after a nonjury trial, the

power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses and hearing the testimony (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see DePaula v State of New York*, 82 AD3d 827 [2011]; *Kaygreen Realty Co. v IG Second Generation Partners, L.P.*, 68 AD3d 933 [2009]).

Here, the plaintiffs provided the defendants with timely written notice of their claims regarding the subject moisture problems in the basement, the decks, and the pool heater, as required by General Business Law § 777-a (4) (a) (*see Rosen v Watermill Dev. Corp.*, 1 AD3d 424 [2003]). Further, the plaintiffs established that they afforded the defendants a "reasonable opportunity to inspect, test and repair" the defects (General Business Law § 777-a [4] [a]). The defendants failed to formally respond to the notices until more than three weeks after their counsel received the notices, and almost three weeks after the notices were forwarded to the defendants. When they responded, the defendants refused to undertake most of the contemplated repairs. Although the plaintiffs' contractor commenced removal of the main deck shortly after notice was received by the defendants, the work continued for approximately two months and the plaintiffs continued to seek resolution of the issues with the defendants, without success. Given the need for the repairs to begin promptly so as to be completed before the onset of winter, the time afforded the defendants was reasonable under the circumstances.

The damages awarded by the Supreme Court were warranted and will not be disturbed (*see* General Business Law § 777-a [4] [b]).

The defendants' remaining contentions are without merit. Skelos, J.P., Eng, Belen and Cohen, JJ., concur.