█ ANTHONY FURINO et al., Respondents, v TIMOTHY O'SULLIVAN et al., Appellants, et al., Defendants. [28 NYS3d 700]—

In an action, inter alia, to recover damages for breach of the housing merchant implied warranty provided by the General Business Law, breach of contract, and negligence, the defendants Timothy O'Sullivan, O'Sullivan Builders & Developers, Inc., and Anne O'Sullivan appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Grays, J.), entered March 10, 2014, as, upon a decision of the same court dated March 8, 2013, made after a nonjury trial, is in favor of the plaintiffs and against the defendant Timothy O'Sullivan in the principal sum of $20,464.35.

Ordered that the appeal by the defendants O'Sullivan Builders & Developers, Inc., and Anne O'Sullivan is dismissed, as they are not aggrieved by the portion of the judgment appealed from (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof awarding judgment in favor of the plaintiffs and against the defendant Timothy O'Sullivan on the first and second causes of action in the principal sum of $20,464.35, and substituting therefor a provision awarding judgment in favor of the plaintiffs and against the defendant Timothy O'Sullivan on the first cause of action in the principal sum of $19,352.10, and (2) by adding a provision thereto dismissing the second cause of action; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment.

The plaintiffs entered into a contract of sale with the defendant Timothy O'Sullivan (hereinafter the defendant) for the construction of a new home in December 2001. The closing took place on October 11, 2002. On October 12, 2002, the plaintiffs' finished basement was flooded with two to three inches of water. On October 24, 2002, counsel for the plaintiffs sent a letter to counsel for the defendant setting forth the defects that were present in the new home. The letter also informed the defendant that, given his lack of response to the situation, the plaintiffs were going to sign a contract with a different company to waterproof the basement, and that counsel had been authorized to institute legal proceedings if the defendant did not take immediate steps to repair the defects. The defendant's counsel responded with a letter dated November 7, 2002, in which he indicated that the flood was due to an unforeseeable rise in the water table for which his client was not responsible. The plaintiffs then paid other contractors to repair the damage to their basement.

On November 6, 2003, counsel for the plaintiffs served the defendants with a notice of claim for breach of the housing merchant implied warranty provided by the General Business Law, setting forth the defects and offering the defendants a reasonable opportunity to inspect, test, and repair the defects.

Thereafter, on October 9, 2004, the plaintiffs commenced this action to recover damages for breach of the housing merchant implied warranty, breach of contract, fraud, and negligence, and also seeking punitive damages. The defendants asserted counterclaims alleging breach of contract and slander.

After a nonjury trial, the Supreme Court dismissed the complaint insofar as asserted against the defendants Anne O'Sullivan and O'Sullivan Builders & Developers, Inc., and further dismissed the causes of action alleging fraud, negligence, and for punitive damages. The court awarded damages in favor of the plaintiffs and against the defendant in the principal sum of $20,464.35 on the first cause of action, which alleged breach of the housing merchant implied warranty, and on the second cause of action, which alleged breach of contract. On appeal, the defendant challenges so much of the judgment as awarded damages in favor of the plaintiffs and against him on the first and second causes of action.

"In reviewing a determination rendered after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing the witnesses and hearing the

testimony" (*Palombo Group v Poughkeepsie City Sch. Dist.*, 125 AD3d 620, 621 [2015] [internal quotation marks omitted]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *City of White Plains v Amodio's Garden Ctr. & Flower Shop, Inc.*, 74 AD3d 1008, 1009 [2010]). Here, contrary to the defendant's contention, the letter dated October 24, 2002, sent by the plaintiffs' counsel provided him with timely written notice of their claims regarding the flooding in the basement, as required by General Business Law § 777-a (4) (a) (*see Link v Sarcona*, 94 AD3d 823, 824 [2012]; *Rosen v Watermill Dev. Corp.*, 1 AD3d 424, 425 [2003]). Further, the plaintiffs established that they afforded the defendant a "reasonable opportunity to inspect, test and repair" the defects (General Business Law § 777-a [4] [a]; *see Link v Sarcona*, 94 AD3d at 824). The defendant's response to the letter disclaimed liability and indicated that the repairs to be undertaken by the plaintiffs were not necessary. Moreover, given the need for the repairs to begin promptly due to the condition caused by the flooding, the time afforded the defendant to make repairs was reasonable under the circumstances (*see Link v Sarcona*, 94 AD3d at 824).

The defendant is correct that the cause of action alleging breach of contract should have been dismissed. Although General Business Law § 777-a does not preclude a plaintiff from alleging that a builder violated specific provisions of the contract of sale other than the implied warranty (*see Biancone v Bossi*, 24 AD3d 582, 584 [2005]; *Taggart v Martano*, 282 AD2d 521, 522 [2001]), here, the plaintiffs failed to allege or establish the violation of any specific provisions of the contract of sale. Moreover, the plaintiffs failed to establish their entitlement to recover the damages they sought regarding a 30-day checklist of items that needed to be repaired. As such, the cause of action alleging breach of contract should have been dismissed.

With respect to damages, General Business Law § 777-a (4) (b) provides, in relevant part: "The measure of damages shall be the reasonable cost of repair or replacement and property damage to the home proximately caused by the breach of warranty, not to exceed the replacement cost of the home exclusive of the value of the land, unless the court finds that, under the circumstances, the diminution in value of the home caused by the defect is a more equitable measure of damages." Here, the Supreme Court erred in awarding the plaintiffs damages in the sums of $745 for reimbursement for the cost of the home inspection performed by the plaintiffs' engineering expert, and $367.25 for reimbursement for painting supplies used to repair

the master bedroom. Since these amounts were not incurred to repair or replace the plaintiffs' property damaged by the flooding or for property damage proximately caused by the breach of warranty, they were not a proper measure of damages, and should not have been awarded. The remaining damages awarded by the Supreme Court, totaling $19,352.10, were a proper measure of damages pursuant to General Business Law § 777-a (4) (b).

In light of our determination, we need not reach the plaintiffs' remaining contention that they were entitled to recover damages for the cause of action sounding in negligence, which was raised, in effect, as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]).

The plaintiffs' request for certain affirmative relief is not properly before this Court, since they did not cross-appeal from the judgment appealed from (*see Hecht v City of New York*, 60 NY2d 57, 61-62 [1983]; *Matter of White Plains Plaza Realty, LLC v Cappelli Enters., Inc.*, 108 AD3d 634, 638 [2013]). Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.