# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1075
CA 15-02043
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

JOHN GUTHRIE, MICHAEL PEDERSEN, LAWRENCE
BRESEE, JULIA BRESEE, GARY CROMER AND KAREN
CROMER, PLAINTIFFS-APPELLANTS,

               V                        MEMORANDUM AND ORDER

EDWARD L. MOSSOW AND SUSAN MOSSOW,
DEFENDANTS-RESPONDENTS.

---

GIACONA LAW, P.C., AUBURN (DOMINIC V. GIACONA OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

NORMAN J. CHIRCO, AUBURN, FOR DEFENDANTS-RESPONDENTS.

---

     Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered February 12, 2015. The judgment declared that the right in common to use certain undivided lakeshore has not been extinguished and that defendants have a common right to use such property as a community beach.

     It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by converting the action to one pursuant to RPAPL article 15, vacating the declarations, and dismissing the complaint, and as modified the judgment is affirmed without costs.

     Memorandum: The parties are owners of property in the Manchester-Kilmer Tract (Tract) in the Town of Cato. The Tract, as depicted in a filed subdivision map, consists of 99 numbered parcels of equal dimensions, divided into three rows of 33 lots, bordering on an undivided strip of land along the shore of Cross Lake. Plaintiffs own lots in the row closest to the lakeshore, and defendants own lots in the row farthest from the lakeshore.

     A dispute arose concerning the parties' respective rights to the use and possession of the undivided strip along the lakeshore, and plaintiffs commenced this action seeking, inter alia, judgment declaring that they are each the lawful owners in fee simple of that part of the disputed strip abutting their respective lots. Following a nonjury trial, Supreme Court concluded, inter alia, that plaintiffs failed to establish that they acquired title by adverse possession or otherwise to the disputed strip abutting their respective lots, and it issued declarations concerning the rights of the parties.

At the outset, we note that a declaratory judgment action is not the proper procedural vehicle to determine title to disputed property (*see Franza v Olin*, 73 AD3d 44, 45).  "Rather, the correct procedural vehicle is an action pursuant to RPAPL 1501," and we exercise our power to convert that part of the action seeking declaratory judgment to such an action (*id.; see* CPLR 103 [c]), and we vacate the declarations.  Contrary to plaintiffs' contention, we conclude that the court properly determined that they failed to meet their burden of establishing by a preponderance of the evidence that they had acquired title to the portions of the disputed strip of lakeshore abutting their properties (*see Leitch v Jackson*, 243 AD2d 873, 874), and we therefore dismiss the complaint.  Finally, we note that plaintiffs have not addressed in their brief any issues concerning their requests for injunctive and other relief, and they have thus abandoned any such issues (*see Village of Gainesville v Hotis*, 39 AD3d 1167, 1168; *Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court