Appeal from a judgment (denominated order) of the Supreme Court, Erie County (E. Jeannette Ogden, J.), dated October 7, 2016 in a CPLR article 78 proceeding and declaratory judgment action. The judgment denied the relief sought in the petition/ complaint.
 

 It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the declaration and as modified the judgment is affirmed without costs.
 

 Memorandum: Petitioner-plaintiff (petitioner) purchased an historic building in Buffalo and converted it into a mixed-use residential/commercial facility. Petitioner then applied to respondent-defendant City of Buffalo (City) for a partial property tax exemption under RPTL 485-a, which incentivizes mixed-use development (485-a exemption). Petitioner simultaneously applied to respondent-defendant County of Erie (County) for a partial property tax exemption under RPTL 444-a, which incentivizes the restoration and adaptive reuse of historic buildings (444-a exemption). Under the terms of petitioner’s applications, the proposed 444-a exemption would be applied against the property’s County tax obligations; the proposed 485-a exemption, on the other hand, would be applied against the property’s City tax obligations. In accordance with local practice, both applications were referred to respondent-defendant City of Buffalo Department of Assessment and Taxation (Department) for review and determination.
 

 The Department granted petitioner’s application for a 485-a exemption, but it later denied petitioner’s application for a 444-a exemption. The Department cited RPTL 485-a (4) (d) to justify its determination denying petitioner’s 444-a exemption application. Petitioner thereafter commenced the instant hybrid CPLR article 78 proceeding and declaratory judgment action. In the petition/complaint, petitioner sought, inter alia, declaratory relief and an order compelling the Department to grant its 444-a exemption application. Supreme Court declared in favor of respondents-defendants and denied the remaining relief sought by petitioner. Petitioner now appeals.
 

 Preliminarily, we note that, with certain limited exceptions inapplicable here, “the proper vehicle for challenging an allegedly wrongful denial of a partial [property tax] exemption is a tax certiorari proceeding pursuant to RPTL article 7, and not a CPLR article 78 proceeding” (Matter of Laurel Hill Farms, Inc. v Board of Assessors of Nassau County, 51 AD3d 794, 795 [2d Dept 2008]; see generally Hewlett Assoc. v City of New York, 57 NY2d 356, 364 [1982]). A declaratory judgment action is likewise an inappropriate procedural vehicle for challenging the denial of a partial property tax exemption (see Cablevision Sys. Dev. Co. v Board of Assessors of County of Nassau, 49 NY2d 866, 867 [1980]). We therefore convert this hybrid CPLR article 78 proceeding and declaratory judgment action into an RPTL article 7 tax certiorari proceeding, and we modify the judgment by vacating the declaration (see CPLR 103 [c]; see generally Guthrie v Mossow, 145 AD3d 1495, 1496 [4th Dept 2016]).
 

 We turn now to the merits of the converted proceeding. RPTL 485-a (4) (d), the provision upon which the Department relied to deny petitioner’s application for a 444-a exemption, states in relevant part that a 485-a exemption may not be “granted concurrent with or subsequent to any other real property tax exemption granted to the same . . . real property.” Throughout this proceeding, petitioner has advanced only a single ground for invalidating the Department’s denial of its 444-a exemption application. Specifically, petitioner contends that subdivision (4) (d) applies only when the taxpayer receives multiple tax exemptions “for taxes in the same taxing jurisdiction—i.e., if the application sought both tax exemptions for City taxes only.” Thus, according to petitioner, the Department erroneously denied its 444-a exemption application on the authority of RPTL 485-a (4) (d) because the 444-a application applied only to County taxes, whereas the 485-a application applied only to City taxes.
 

 We reject petitioner’s contention. Even assuming, arguendo, that petitioner’s construction of subdivision (4) (d) is “ ‘plausible,’ ” it is not “ ‘the only reasonable construction’ ” of that provision (Matter of Charter Dev. Co., L.L.C. v City of Buffalo, 6 NY3d 578, 582 [2006], quoting Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin., 83 NY2d 44, 49 [1993]). An equally plausible construction is that subdivision (4) (d) bars a 485-a exemption whenever the property has concurrently or previously received another tax exemption from any taxing jurisdiction. Petitioner “has thus failed to sustain its burden of unequivocal entitlement to the exemption it seeks” {id. at 583).
 

 Finally, we note that even though RPTL 485-a (4) (d), by its own terms, limits only the availability of the 485-a exemption, petitioner does not contend that subdivision (4) (d) is categorically irrelevant to a taxpayer’s entitlement to a 444-a exemption and thus could not have justified the Department’s denial of its 444-a exemption application. We therefore express no view on that issue.
 

 Present—Carni, J.P., Lindley, NeMoyer, Curran and Troutman, JJ.